[Civ. No. 7447.   Third Dist.   Apr. 23, 1948.]

RUBEN E. CAPERTON, Respondent, v. BEN MAST et al.,
Appellants.

Geary & Tauzer and A. Dal Thomson for Appellants.

J. A. Ratchford for Respondent.

SCHOTTKY, J. pro tem.—In a trial by the court without a jury, respondent recovered judgment for damages to his Ford automobile, his house trailer and its contents, occasioned when the truck of appellants struck the house trailer of respondent. Appellants appeal from said judgment and the sole ground urged by them for a reversal of the judgment is that the evidence is insufficient to support the finding of the trial court that respondent was not guilty of contributory negligence.

Bearing in mind the familiar rule that contributory negligence is ordinarily a question of fact for the court or jury to determine and that an appellate tribunal will not disturb the finding of the trial court upon that issue if there is any substantial evidence or reasonable inference in support of that finding, we shall give a brief summary of the evidence most favorable to respondent.

About 11 p. m. on May 23, 1945, respondent was driving a Ford coupe, to which was attached a house trailer, in a northerly direction on Highway 101 between Healdsburg and Geyserville. He had been having car trouble, his motor acting as if there were water in his gasoline supply so that the engine would quit and die intermittently. Approximately a quarter of a mile south of Geyserville he passed an auto court on the right hand side of the road, and, after parking his car and trailer on the right hand side of the highway, walked back to the auto court and found he could get accommodations there for the night. He then started his motor and proceeded northerly a few hundred feet and turned left into a "little road" for the stated purpose of turning around after driving up the road. His motor stalled when his Ford car was a short distance up the incline of this road, leaving the trailer extending out into the highway with its rear end about 2 feet over the center line. Respondent tried for two or three minutes or less to start his motor but was unable to do so. While respondent was attempting to start the motor two cars passed, one

from the north and one from the south. Then respondent and his wife heard appellants' truck approaching from the north and respondent told his wife to get the flashlight from the trailer, but she was unable to get it before the impact. Respondent, who was wearing a white shirt, ran up the highway and stood in the middle of the right lane waving his arms in an attempt to stop the truck, but to no avail. The driver of the truck admitted that he saw respondent on the highway before he hit the trailer. The headlights on the Ford and the clearance lights on the trailer were lighted at the time of the collision.

Additional facts shown by the record are set forth in the written opinion filed by the learned trial judge. This opinion states clearly the views of the trial court as to the weight of the evidence and the reasons for the court's decision, and because such opinions are very helpful to an appellate court, we quote from it as follows:

"At the conclusion of the trial, the court stated from the bench that its impression was that the defendant Tull was guilty of negligence proximately causing the collision resulting in plaintiff's damages in that he failed to maintain sufficient observance of the highway ahead and the objects upon it to operate his vehicle under all the circumstances present at a speed which was reasonable and prudent, having due regard for the traffic on, and the surface and width of the highway. There was no car approaching him which required the dimming of his lights. Plaintiff's car and trailer were directly across the highway and I am satisfied, notwithstanding some conflict in the evidence, that the lights on both car and trailer were on. Tull testified that his lights illuminated the highway and objects ahead only for a distance of seventy-five to one hundred feet ahead if on a level and that at the scene of the collision, which he described as on a slight rise, he just barely saw the car and trailer ahead when he was fifty or seventy-five feet from them. It appears that the truck, loaded as it was, could not have been stopped in less than one hundred to one hundred and fifty feet, that to apply the brakes suddenly would tend to 'jackknife' the equipment and load and that actually, after striking plaintiff's vehicles the truck and trailer combination was brought to a stop about fifty-one steps beyond where it struck plaintiff's vehicles. Under the circumstances, I think it clear that Tull's speed endangered the safety of persons and property and was negligent; and also that reasonable care required him to drive with his lights

on high beam, so adjusted as to comply with section 648 of the Vehicle Code, requiring an adjustment which would have revealed persons and vehicles at least 350 feet ahead.

"It is urged in defense that plaintiff was guilty of contributory negligence. He had been having trouble with water in his gasoline between Santa Rosa and Geyserville, but this, in my opinion, was not severe enough to require him, in the exercise of ordinary care, to completely stop and drain his tank. His motor had spluttered some, but there was nothing that indicated it would die just as he pulled into the intersecting road whence he was proceeding preparatory to turning around. I find nothing in this circumstance that convinces me of any contributory negligence.

"Whether plaintiff's failure to place flares or signals indicating his disabled vehicles constituted contributory negligence is a close point. Section 590 of the Vehicle Code, as amended in 1937, appears to require the placing of flares or appropriate warning signals when any trailer or semi-trailer is disabled on the roadway or within ten feet thereof, in addition to the requirements that certain commercial vehicles described therein shall be equipped with and shall place such signals when so disabled. Plaintiff's trailer was of the type now defined as a 'trailer coach' in section 52 of the Vehicle Code. It also aptly fits the definition of a 'semi-trailer' as set forth in section 37 of said code. Section 52 was approved by the Governor June 26, 1937, whereas the amendment to section 590 was approved by the Governor May 11, 1937. I think both definitions are broad enough to include plaintiff's type of trailer. In any event, no legislative intent to expressly exempt a 'trailer coach' from the provisions of section 590 appears, especially in view of the fact that when the Governor approved the amendment to section 590 he had not yet approved section 52, which was added as a new section in that year. But even though the statute required the placing of signals, the mere failure to place them under all circumstances, does not constitute contributory negligence as a matter of law. Said section 590 requires the placing of the described signals immediately when the vehicle is disabled as specified. 'Immediately' does not mean in the very twinkling of an eye. A reasonable opportunity to discover that the vehicle is disabled must be allowed, as must a reasonable time to place the signals. Before such failure can amount to contributory negligence, it must appear that it proximately contributed in some degree to plaintiff's damage. Considering all the circumstances here, I

am not convinced that the lack of warning signals or failure to place them contributed at all to the collision. Plaintiff tried but for two or three minutes to start his car after the motor died. He was entitled, in the exercise of ordinary care, to a reasonable time to ascertain that his car was disabled. Such time as elapsed in the effort to start was not, under the circumstances, unreasonable. Promptly upon hearing the truck, he jumped from his car, asked his wife to get out the flashlight and ran up the road to stop the truck. I am convinced from the evidence that Tull saw him, or should have seen him, in time to have stopped if he had had his equipment under proper control. Mrs. Caperton had insufficient time to procure a flashlight and by the same token would have had no time to procure signals or flares and place them. I find nothing in these circumstances to indicate that having or attempting to place warning signals would have averted the collision. It appears to me to have been the proximate result of the negligence of the defendant Tull unaided in any degree by an act or omission of plaintiff.''

Appellants contend that the respondent is shown by the evidence to have been guilty as a matter of law in failing to place flares on the highway to warn of the existence of the disabled trailer on the highway. Secondly, it is contended that there was contributory negligence as a matter of law in that the respondent drove the car and trailer onto the side road knowing that he was having car trouble and that it was likely to stall. Thirdly, it is said that the respondent was negligent in failing to signal with the flashlight although he had ample time to secure it from the trailer prior to the accident. These contentions of appellants are discussed and answered in the hereinbefore quoted opinion of the trial court and we believe that the views expressed by the learned trial judge as to law are supported by ample authority. We believe, also, that it was a question of fact for the trial court to determine whether the conduct of respondent constituted contributory negligence under all the facts and circumstances of the instant case, and that the findings in favor of respondent are fully supported by the record.

It is unnecessary to discuss the authorities cited by appellants because in the recent case of *Satterlee* v. *Orange Glenn School District,* 29 Cal.2d 581 [177 P.2d 279], our Supreme Court states the law applicable to the case at bar. The court there said at page 588:

"An act or failure to act below. the statutory standard is negligence *per se,* or negligence as a matter of law. And if the evidence establishes that the plaintiff's or defendant's violation of the statute or ordinance proximately caused the injury and no excuse or justification for violation is shown by the evidence, responsibility may be fixed upon the violator without other proof of failure to exercise due care. [Citing cases.]

"However, in an emergency, or under unusual conditions, it is generally held that circumstances may be shown to excuse the violation. . . . An act which is performed in violation of an ordinance or statute is presumptively an act of negligence, but the presumption is not conclusive and may be rebutted by showing that the act was justifiable or excusable under the circumstances. . . .

"Thus in *Rath* v. *Bankston* [101 Cal.App. 274, 281 (281 P. 1081)], *supra,* where an automobile was parked partly on the highway in violation of the statute, the defendant was allowed to show that, despite reasonably careful inspection, the gasoline supply became exhausted and the car stalled. In another case where a collision occurred with a car which had no tail light, evidence that the light was inspected and found in good order a short time before was held admissible to negative the presumption of negligence. (*Berkovitz* v. *American Gravel Co.* [191 Cal. 195 (215 P. 675)], *supra.*) And in *Mathers* v. *County of Riverside* [22 Cal.2d 781 (141 P.2d 419)], *supra,* this court reversed a judgment which followed an instruction to the jury that if the plaintiff violated section 525 of the Vehicle Code which requires driving as close as practicable to the right edge of the road, she was negligent as a matter of law. 'Under all of the circumstances of the case,' said the court, 'it should have been left to the jury whether or not the position of her car with reference to the white line constituted contributory negligence.' (P. 786.)

"In the application of this rule each violation of a statutory requirement must be considered in connection with the surrounding circumstances. Ordinarily, the excuse relied upon by the violator presents a question of fact for the jury's determination. As stated in *Scalf* v. *Eicher* [11 Cal.App.2d 44 (53 P.2d 368)], *supra,* p. 54: 'Whether or not a violation of a statute or ordinance proximately contributed to an accident and whether the violation was excusable or justifiable are questions of fact except in a case where ". . . the court is

impelled to say that from the facts reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to his injury.'' ' [Citing cases.]''

In view of the foregoing the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.