[No. 32968.  *En Banc.*  February 8, 1955.]

VERNON LINDSLEY, *Appellant,* v. GLENN JOHN WEBB *et al.,*
*Respondents.*[1]

*Harry Hazel* and *Simpson & Simpson,* for appellant.

*R. De Witt Jones* and *Paul A. Goodin of (Bayley, Fite,*
*Westberg, Madden & Goodin),* for respondents.

FINLEY, J.—In this action, tried before a jury, plaintiff
Lindsley seeks damages for injuries sustained when the
automobile in which he was a passenger collided with the

[1]Reported in 279 P. (2d) 639.

rear of defendant Webb's automobile. Called as an adverse witness, Webb's testimony revealed that he had stopped, temporarily and shortly before the accident, when he saw on the highway ahead of him (a) other cars apparently involved in an accident, and (b) someone with a flashlight, motioning traffic to stop. The accident occurred about 1:30 a. m. It should be mentioned that it appears from Lindsley's testimony that at the point where Webb's car stopped the dirt shoulder of the highway was about three feet in width, and that alongside, and adjacent to the shoulder, there was a ditch.

In behalf of Mr. Lindsley, it is urged (1) that he made out a *prima facie* case by showing that Mr. Webb violated RCW 46.48.290 in stopping his automobile on the highway, failing either to pull it off to the side on the shoulder, or to pull on to a side road leading from the highway about forty feet to the rear of the point of collision, and (2) that the trial court erred in not submitting the case to the jury and in dismissing it with prejudice.

The pertinent portion of RCW 46.48.290 reads as follows:

"It shall be unlawful for any person to stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved, improved, or main traveled portion of any public highway outside of cities and towns when it is possible to stop, park, or so leave the vehicle off such paved, improved, or main traveled portion of the highway."

Defendants' position is that RCW 46.48.290 does not prohibit an involuntary stop required by traffic conditions on a highway.

In *General Ins. Co. of America v. Lewis,* 243 P. (2d) 433 (Utah), involving facts comparable to those in the instant case, the Utah court, referring to the Utah statutory provision very similar to RCW 46.48.290, said:

"This section deals only with cases where the driver stops his car on the highway from his own choice and has an opportunity to select the place and conditions of his stop; *it was not intended to regulate stopping forced by congested traffic on the highway where the driver wishes to proceed but cannot because of cars on the highway ahead or him.* . . . The legislature could not have intended to require

a vehicle whose driver wishes to proceed on his way but is forced to stop on account of congested traffic to pull off to one side and allow other cars to proceed past while he waits for the congestion to clear, . . . Although such statutes are common and have been on the books many years and been considered in many cases, we have found no case where it is suggested that it governs this kind of a case. We conclude that such statute has no application to this problem." (Italics ours.)

In *Fontaine v. Charas,* 87 N. H. 424, 181 Atl. 417, involving similar facts and a comparable statutory provision, the New Hampshire court said:

"The legislature intended to make illegal any *voluntary* stopping of a vehicle on the highway for any length of time, be that length of time long or short, *except, of course, such stops as the exigencies of traffiic may require.*" (Italics ours.)

We think the reasoning in the above two cases presents the proper, most logical, and the common-sense interpretation of the pertinent provisions of our own statute. Highway safety motivated the legislative enactment of RCW 46.48.290. In view of this purpose, we cannot believe the legislature intended that a motorist would be in violation of the statute, negligent *per se* and as a matter of law, by stopping his automobile on a highway because of a traffic accident when the stopping is reasonably required to avoid apparent danger to himself, his passengers, and to others, to say nothing of possible damage to property. In other words, the statute does not prohibit involuntary stops by a motorist, required by the exigencies of traffic on a highway.

We come now to a question of procedure. The usual rule applicable at the nonsuit stage is that the plaintiff's evidence and all reasonable inferences therefrom must be construed in the light most favorable to him. Applying this rule in the light of the above indicated interpretation of the pertinent provisions of RCW 46.48.290, we are convinced appellant did not make out a *prima facie* case that respondent was in violation of the statute and negligent *per se.*

The judgment of the trial court should be affirmed. It is so ordered.

ALL CONCUR.