Argued June 15, affirmed June 29, 1960

BOYLE *v.* COTTRELL ET AL

353 P. 2d 838

*Clayton R. Hess,* Portland, argued the cause for appellant. On the brief were Hess & Hess, Portland.

*Gordon Moore,* Portland, argued the cause and filed a brief for respondents.

Before McAllister, Chief Justice, and Sloan, O'Connell, Millard and Holman, Justices.

MILLARD, J. (Pro Tempore)

This is an appeal by plaintiff from a judgment entered by the circuit court of Multnomah county based upon a verdict of a jury in favor of defendants in an action at law having to do with alleged personal injuries and damage claimed to have resulted from an automobile collision occurring on the Lewis and Clark highway in the vicinity of Camas, Clark county, Washington.

Very briefly, this case grows out of an accident that happened after dark at the bottom of an incline or dip in the highway mentioned at a time when it was raining or sleeting and the road was covered by "glare" ice. There were two lanes of traffic, one in each direction. The automobiles of both plaintiff and the defendants were traveling westerly in the same direction, plaintiff's car being in front, followed by an automobile driven by Hubert Wood, who in turn was followed by defendants' vehicle. Plaintiff had reached the bottom of the dip or incline when he stopped for a short time, claiming that cars several hundred feet ahead of him seemed to be sliding and having difficulty in climbing the hill or grade. At this point there appeared to be a fill and on each side there was a guard rail at the edge of each traffic lane. Plaintiff had just passed the intersection of Wood-

burn Hill road which turned off to his right from the road he was traveling at a point prior to the commencement of the guard rails. Just beyond the guard rails and to the right the highway widened for a short distance and there was a private drive turning in, and to the left just beyond the guard rails was an alternate highway route into the city of Camas. According to plaintiff's testimony, he had been stopped in his own lane of traffic about 1½ minutes when the Wood car pulled up behind him and stopped and remained stopped for about 1½ minutes. Wood testified he was unable to pass plaintiff because of oncoming traffic. He further testified he had his brake lights on but that the whole back of his car was covered with ice ½ to ¾ inch thick and he didn't know whether his lights were apparent from the rear or not, since the shock of the collision caused the ice to fall away. C. M. Brooks, the driver of defendants' vehicle, testified that he came up driving 20 to 25 miles per hour with his lights on low beam because of oncoming traffic. He further testified that because of the sleet storm he was only able to observe Wood's car 100 to 150 feet away, which appeared as a "mound of snow or sleet white" without any lights. There was a car coming from the other direction. He then put his car in low gear, slowed down, then put on his brakes about 40 or 50 feet away and slid down and into the Wood car, which in turn collided with plaintiff's car ahead of him, thus causing the collision complained of. After the collision all three cars were able to proceed up and beyond the hill in front of them.

■ As his first assignment of error plaintiff contends that the court erred in denying his motion for a directed verdict. In his argument here it was our understanding that plaintiff waived this assignment of

error. After carefully reviewing the record we hold this assignment was, in any event, without merit.

■ Plaintiff next contends that the court erred in admitting into evidence defendants' exhibit 22a. This exhibit was a retyped copy of defendants' exhibit 22, which was a signed statement of Hubert Wood, made anterior to the trial. The original statement contained objectionable matter which the court proposed to delete, and it was agreed by counsel that the instrument might be retyped, deleting portions thereof, with plaintiff reserving the right to save his exception to the portions that he objected to. Plaintiff in his assignment of error fails to set forth the exhibit other than to identify it by number, nor does he set forth the objections made, although his brief admits that the objections were "perhaps inartfully made." After reviewing the record we are unable to ascertain with any degree of certainty just what plaintiff did regard as prejudicial. In any event, this method of assigning error is in express contradiction of rule 16 of this court, which requires the appellant to set forth his objections. For this reason we feel justified in totally disregarding this assignment.

■ As his fourth assignment plaintiff contends the court erred in failing to remove from the jury's consideration a specification of contributory negligence charged in defendants' answer, wherein defendants charge plaintiff with having "Parked his vehicle on a main-traveled portion of said Lewis and Clark Highway when there was no need or necessity of doing so." The Washington statute relating to parking provides as follows:

"It shall be unlawful for any person to stop, park, or leave standing any vehicle, whether attended or unattended upon the paved, improved or

main traveled portion of any public highway outside of cities and towns when it is possible to stop, park, or so leave the vehicle off such paved, improved or main traveled portion of the highway. In the event that it is not possible to leave the vehicle standing off of the paved, improved, or main traveled portion of the highway at least one-half of the width of the roadway shall be left clear and unobstructed for the free passage of other vehicles and a clear view of such stopped vehicle shall be available for a distance of 300 feet in each direction on the highway." RCW 46.48.290

The Supreme Court of Washington in construing this statute has held it does not prohibit involuntary stops by motorists required by exigencies of traffic on the highway. *Lindsley v. Webb,* 46 Wash2d 189, 279 P2d 639, 640; *Larson v. Stadelman Fruit,* 53 Wash2d 135, 332 P2d 52, 54. In *Lindsley v. Webb,* supra, the court held the statute "was not intended to regulate stopping forced by congested traffic on the highway where the driver wishes to proceed but cannot because of cars on the highway ahead of him." In that case the court held there was insufficient evidence to go to the jury. Plaintiff contends that the facts there are not essentially different from those in this case. However, the driver of the disfavored car was forced to stop at night by one waving a flashlight because of a car wreck in the highway. In the Larson case the driver was required to stop because of a school bus. So, in the Washington cases cited the driver was forced to stop. Here the plaintiff stopped of his own volition. There was some evidence from which the jury could have found that the plaintiff could have got off the main-traveled road at the end of the guard rails, either to the right of the private drive or to the left on the alternate route to Camas, plaintiff being familiar with

the road. Further, there was some evidence emanating from defendants' driver to the effect that visibility was limited by the sleet storm to less than 300 feet, as was required by the statute. The court in instructing the jury not only read the statute but further instructed them that such did "not apply to a situation in which there is a proper excuse or reasonable necessity for stopping a car" and further to the effect that if plaintiff acted as a reasonably prudent person under the circumstances in stopping, then such stopping was not a violation of Washington law. It is our opinion that the instructions in this respect were properly given; that the court was right in submitting this issue to the jury; and that plaintiff's assignment of error in this regard is without merit.

■ Plaintiff further contends that the court erred in submitting the remaining specifications of contributory negligence charged in defendants' answer to the jury. These charge plaintiff with negligence, first, in failing to pull his vehicle to the side of the road so as not to impede traffic and, secondly, in bringing his vehicle to a stop and allowing it to remain at a place where plaintiff, in the exercise of reasonable care, because of the terrain and conditions there, should have known it was hazardous. We have already pointed out that there was sufficient evidence to submit to the jury as to the availability of other stopping places, and, hence, we find these assignments without merit.

As his third assignment of error plaintiff contends that the court erred in not giving his requested instruction to the effect that there was no evidence of contributory negligence and that such defense was removed from the consideration of the jury. Having decided that all the specifications of negligence in that

regard were properly submitted, we find this assignment without merit.

Assignments of error VII, VIII, and IX all deal with failure of the trial court to give certain instructions relating to the maximum speed law of Washington of 25 miles per hour within cities. Plaintiff called a witness to testify as to his conclusions as to whether the scene of the accident was within the city limits of Camas. The witness did not attempt to describe actual boundaries of the city, and the court sustained an objection to this testimony on the theory it was not the best evidence. The ruling of the court in this regard is not assigned as error. A fair reading of the transcript indicates the evidence was not allowed even though the witness attempted to answer. Under such circumstances there was nothing in evidence upon which to base these instructions. A trial judge is not a mere moderator and may on his own motion withdraw incompetent evidence from the consideration of the jury. *Best v. Tavenner,* 189 Or 46, 55, 218 P2d 471. Hearsay evidence as to boundaries, if admissible at all, must be based upon necessity, and it is not admissible when positive, authentic and admissible proof of such boundaries is available. 11 CJS 699, Boundaries § 105. There was nothing to indicate that the city ordinances were not available. We find no merit in these assignments.

As his eleventh assignment plaintiff contends the court erred in not giving a requested instruction to the effect every person operating a motor vehicle must drive at such a rate of speed and to have his vehicle under such control that he can in the exercise of reasonable and ordinary care "bring it to a stop in the event of an emergency." In *Billington v. Schaal,* 42 Wash2d 878, 259 P2d 634, 636, cited by plaintiff, it

was held that the rule of control as applied to emergencies requires the exercise of reasonable care to the extent that "such emergency stop as may be dictated by ordinary traffic conditions may be safely made." The requested instruction was not so qualified and, hence, for that reason should not have been given. The court gave the common-law rule definition of control. We find no error in this assignment.

Assignment No. XII has to do with the failure of the court to give plaintiff's requested instruction as follows:

"You are instructed that under the laws of Washington where cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver, and it is his responsibility reasonably to govern his speed and maintain such a reasonable lookout ahead as would provide for the contingency of the sudden stopping of a car in front of him, and it is the following driver's duty to keep such distance from the car ahead of him, maintain such a speed and keep such observation ahead that an emergency stop may be safely made."

But negligence in this case is not predicated upon one car following another too closely. It is not error for a trial court to refuse to instruct on an abstract principle of law which has no relation to the issues raised by the pleadings and proof, no matter how correct the principle may be. *Godvig v. Lopez,* 185 Or 301, 308, 202 P2d 935. The trial court did instruct as to control, stating that an automobile is under control "when driven at such a rate of speed that the operator can bring it to stop with a reasonable degree of celerity or quickness so as to avoid a collision." We find no error in this assignment.

We have examined the two remaining assignments of error and find them without merit. One had to do with argument of counsel wherein defendants' counsel referred to snow as well as sleet. The court cautioned the jury that it was their recollection that counted. We believe the jury was not misled. The other had to do with instructions of the court to the effect that the parties were presumed to be free from negligence. That merely prefaced further instructions to the effect that a party alleging negligence had the duty to prove it.

In view of the conclusions reached, the judgment of the trial court is affirmed.