Argued February 9, reversed and remanded March 14, petition for rehearing denied April 3, 1962

## LAZZARI v. STATES MARINE CORPORATION
369 P. 2d 693

*Gerald H. Robinson,* Portland, argued the cause for appellant. With him on the briefs were Nels Peterson and Peterson, Lent & Paulson, Portland.

*William F. White,* Portland, argued the cause for respondent. With him on the brief were White, Sutherland and White, and Graham, James & Rolph, Portland.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

## O'CONNELL, J.

This is an action to recover damages for personal injuries arising out of an accident on defendant's vessel, the S. S. Cotton State. The action was based upon the unseaworthiness of the vessel and the negligence of defendant, plaintiff relying upon the Jones Act and the maritime doctrine of unseaworthiness. Plaintiff appeals from a judgment based upon a verdict in favor of defendant.

The sole assignment of error is that the trial court incorrectly instructed the jury on the meaning of unseaworthiness.

This case was first before us in *Lazzari v. States Marine Corp.,* 220 Or 379, 349 P2d 857 (1960), in which we reversed a judgment for plaintiff and ordered a new trial. The facts set out in that opinion are essentially the same as those developed in the second trial. Briefly, the facts are as follows. Plaintiff, employed by defendant as a boatswain on the S. S. Cotton State, was ordered to make the ship secure for sea. To accomplish this it was necessary to swing in the cargo booms and secure them. Suspended from each of the booms was a "preventer wire" which consisted of a wire rope used for the purpose of keeping the boom from moving laterally when it was in use. In securing the ship it was necessary to pull the wire in, draw it

through a chock in the bulwark and make it fast to a king post on deck.

Plaintiff was injured in the process of pulling in one of the preventer wires. He testified that he had placed one foot on the ship's rail and one foot on a pile of dunnage which had been placed near the rail and that while in that position he slipped and fell, causing the alleged injury.

Plaintiff's complaint alleged that the ship was unseaworthy in that the deck was littered with dunnage and that defendant was negligent (a) in failing to provide a reasonably safe place to work in that dunnage was allowed to remain on deck at a place where plaintiff was required to perform his duties; (b) in failing to provide a sufficient number of workmen to maneuver the preventer wire, and (c) in failing to inspect the deck prior to requiring plaintiff to perform his duties. It is not clear from the evidence on the second trial whether the dunnage was strewn on the deck or systematically piled, nor is it clear whether the position of the dunnage was such as to make it necessary for plaintiff to step upon it in retrieving the preventer wire, although plaintiff testified to this effect.

Plaintiff contends that the following instruction is erroneous and constitutes reversible error:

"Now, the plaintiff contends this vessel the SS COTTON STATE was unseaworthy in one particular outlined to you. In this connection you are advised that a ship owner has the absolute duty without regard to negligence of maintaining his vessel in a seaworthy condition since there is a warranty of seaworthiness which extends to members of the crew of a vessel during their employment. In this case, if you find that the SS COTTON STATE was unseaworthy as contended by plaintiff,

then plaintiff is entitled to recover a verdict at your hands in the event he sustained injuries by reason thereof. *The COTTON STATE would not be unseaworthy if you should find from a consideration of all of the evidence that plaintiff was injured because he improperly handled the preventer wire in question or used the dunnage that was piled on the deck of the ship for a purpose for which it was not intended.* Also, in connection with plaintiff's charge of unseaworthiness to the effect that plaintiff was required to maneuver the preventer wire without help and was required to stand on a pile of dunnage while performing his task, I instruct you that if you find that plaintiff as boatswain had the duty to order his crew to move the dunnage or to come to his assistance or to take other appropriate action necessary to safely secure the preventer wire but plaintiff failed to do so or he improperly manipulated the same and this was the sole and entire proximate cause of the accident, then and in that event plaintiff cannot recover." (Emphasis added.)[1]

Plaintiff contends that the italicized portion of the instruction is erroneous in that it states, in effect, that plaintiff's negligent conduct, i.e., the improper use of the preventer wire, would bar his recovery under the doctrine of unseaworthiness. In other words, it is argued that the instruction could be interpreted by the jury as stating that an unseaworthy appliance is rendered seaworthy if the injured crewman is negligent in the use of the appliance.

 It is well established that a plaintiff who, while using unseaworthy equipment, negligently contributes to his own injury is not thereby precluded from a

---

[1] The underlined portion of the instruction is similar to the requested instruction in the first trial of the cause. In that case the trial court altered the requested instruction and in so doing erroneously defined unseaworthiness. In the first appeal this court did not pass upon the validity of the requested instruction.

recovery based on unseaworthiness, assuming of course that there is a causal connection between the unseaworthy character of the equipment and the plaintiff's injury. *Pope & Talbot, Inc. v. Hawn,* 346 US 406, 74 S Ct 202, 98 L Ed 143, 1954 Am Mar Cas 1 (1953).

Defendant contends that the instruction merely informs the jury that there must be this causal connection between the condition of the equipment or appliances and plaintiff's injury before defendant is liable. According to defendant's interpretation the instruction would be understood by the jury to mean that plaintiff could not recover if his injury resulted *solely* from his improper handling of the preventer wire which was conceded to be in a seaworthy condition. The instruction would then be read as follows (the word "solely" being inserted in brackets) : "The COTTON STATE would not be unseaworthy if you should find * * * that plaintiff was injured [solely] because he improperly handled the preventer wire * * *." So read, the instruction would simply make it clear that the manner in which the dunnage was piled (even if it were considered as creating an unseaworthy condition) would not be causally connected with the injury if the injury resulted solely from the use of the preventer wire which was, admittedly, in a seaworthy condition.[2]

---

[2] Defendant also argues that the instruction could be read to mean that an otherwise seaworthy appliance, i.e., the preventer wire, will not be rendered unseaworthy by the improper use of it. Green v. Skibs, 186 F Supp 459, 188 F Supp 65, 1961 Am Mar Cas 1819 (E.D. SC 1960), aff'd., 292 F2d 393 (4th Cir 1961); De Filippie v. Waterman Steamship Corporation, 145 F Supp 514, 1957 Am Mar Cas 124 (E.D. Pa 1956), aff'd., 249 F2d 96, 1957 Am Mar Cas 2467 (3d Cir 1957). Cf., Imperial Oil, Ltd. v. Drlik, 234 F2d 4, 1956 Am Mar Cas 1862 (6th Cir), cert. denied, 352 US 941, 77 S Ct 261, 1 L Ed2d 236 (1956); Manhat v. United States, 220 F2d 143, 1955 Am Mar Cas 513 (2d Cir), cert. denied, 349 US 966, 75 S Ct 900, 99 L Ed 1288 (1955).

■ The instruction is, at best, ambiguous. The interpretation urged by defendant would perhaps suggest itself to members of the legal profession who, having knowledge of the principles of causation, might well read into the instruction the idea that plaintiff would not be entitled to recover if his improper use of the wire was the sole cause of his injury. But the instruction must be read as the jury might reasonably understand it, and we believe that the jury might well have taken the instruction to mean that the test of seaworthiness is affected by plaintiff's carelessness in handling the ship's equipment. Defendant's counsel conceded as much in oral argument.

■ The latter part of the instruction stating that the ship would not be unseaworthy if plaintiff "used the dunnage that was piled on the deck of the ship for a purpose for which it was not intended," is also ambiguous. Dunnage is intended for the purpose of storing cargo. This language could be understood to mean that if plaintiff used the dunnage for a purpose not connected with the storage of cargo the piling of the dunnage on the deck could not be regarded as creating an unseaworthy condition in relation to plaintiff's injury. This is not true. The dunnage may have been piled in such a position as to interfere with a workman's access to parts of the ship or to appliances which he would be expected to reach in the course of his duties. There could be circumstances under which he might be expected to use the dunnage as a means of gaining such access. Were he to do so the unseaworthy condition created by piling the dunnage in an improper position could be a causative factor in a resulting injury even though the plaintiff's use was foreign to the purpose for which the dunnage was intended. In the present case there was evidence supporting plaintiff's

contention that the pile of dunnage obstructed his access when retrieving and making secure the preventer wire. The jury could reasonably find that the position of the dunnage created an unseaworthy condition, that plaintiff was warranted in using it under the circumstances, and that the unseaworthy condition so created was a causative factor in producing the injury.

The instruction being misleading in the two aspects mentioned above, the cause must be remanded for a new trial.

Reversed and remanded.