[No. 123-40867-1. Division One. March 30, 1970.]
Panel 2

DOUGLAS J. PIDDUCK et al., *Respondents,* v. GARY W. HENSON et al., *Appellants,* JOHN E. GULBRANSEN *et al., Respondents.*

*Hullin, Roberts & Fite* and *Jack E. Hullin,* for appellants.

*Merrick, Burgess, Hofstedt & Keating* and *H. J. Merrick,* for respondents Pidduck et al.

*Detels, Draper & Marinkovich* and *Frank W. Draper,* for respondents Gulbransen.

WILLIAMS, J.—This action was instituted to recover for personal injuries and property damages sustained in a series of accidents which occurred April 16, 1967, about 1:30 a.m. on the Seattle northbound freeway. At the close of the evidence the trial judge directed a verdict in favor of plaintiffs and the defendants Gulbransen on their cross complaint against defendants Henson and Duskin, and submitted the question of damages to the jury. Plaintiff's case against defendants Gulbransen was dismissed. The jury returned a total verdict of $56,700. Defendants Henson and Duskin appeal, assigning as error the directed verdict instruction.

Considering the evidence in the light most favorable to appellants, as we must, the facts are as follows:

At the point where the accidents occurred, the freeway consists of four northbound lanes, which for convenience will be numbered from east to west. It was raining hard, and visibility was restricted.

The first accident was a one-car collision with the west guardrail. The car, whose driver is not a party to this action, came to rest on the shoulder. An off-duty Seattle policeman, F. G. Butcher, drove his private car onto the shoulder just south of the wrecked vehicle and switched on his emergency flashing lights.

A Datsun automobile, driver unknown, then stopped in lane 3. Officer Butcher, using his flashlight, motioned the driver to continue because of the danger of other cars approaching from the south. Respondent Gulbransen, in lane 3, had seen the lights ahead at about 500 feet distance. He was then traveling at approximately 50 miles per hour and began gradually to slow his vehicle. The Gulbransen vehicle came to a stop behind the Datsun at or just after the time the Datsun started forward at a slow speed. As the Gulbransen car came to a stop some 100 to 150 feet north of the officer, it skidded and turned to the east 20 to 25 degrees from the line of the highway. Gulbransen remained stopped for 3 to 4 seconds.

Next, appellant Henson, driving appellant Duskin's car,

approached in lane 3 at about 50 miles per hour. Neither he nor appellant Duskin, who was a passenger in the front seat, saw any lights or objects until they were about 75 feet from the rear of the Gulbransen car. Henson was unable to react in the 1 second allowed at that speed, and the car collided with the Gulbransen vehicle. The Gulbransen vehicle then crossed into lane 2, where it was instantly struck by the vehicle of respondent Pidduck.

Appellants concede the primary duty to avoid the collision rests with the following driver. They point out, however, that a following driver is not negligent when confronted with an emergency stop. Appellants contend the jury should have been allowed to decide whether an "emergency stop" situation existed.

As the driver of the following car, appellant Henson had the primary duty of avoiding collision with those ahead. By traveling 50 miles per hour with visibility restricted to 75 feet, as he testified, appellant Henson did not discharge that responsibility. *Miller v. Cody*, 41 Wn.2d 775, 252 P.2d 303 (1953). The emergency rule is not available to one whose negligent conduct creates the hazard. *Tackett v. Milburn*, 36 Wn.2d 349, 218 P.2d 298 (1950). And appellant Henson's negligence is imputed to appellant Duskin, the owner of the car, with whose permission Henson was driving. The trial court properly held appellants negligent as a matter of law. *Eldredge v. Garrison*, 184 Wash. 687, 52 P.2d 1240 (1935).

Appellants next contend that it was error to remove the issue of contributory negligence from the jury. Officer Butcher, who had the best view, stated that the Datsun made a complete stop in lane 3. When Butcher yelled, the driver moved off slowly. The Gulbransen car was required to stop to avoid hitting the Datsun in what Officer Butcher described as "a normal stop under the conditions." Respondent Gulbransen thus slowed to a stop in a manner required by the traffic pattern to his front. He was not negligent in remaining stopped for 3 or 4 seconds since he

was restricted by the movement of the Datsun. *Lindsley v. Webb,* 46 Wn.2d 189, 279 P.2d 639 (1955).

Nor can it be seriously contended that respondents Pidduck were negligent. Their only responsibility to the other vehicles was to stay in their own lane. RCW 46.61.140 (1).

█ Thus, there was no substantial evidence of contributory negligence by either Gulbransen or Pidduck. A jury determination of contributory negligence could have been based only upon speculation and conjecture. The trial judge was correct in withdrawing the issue. *Schneider v. Midwest Coast Transp., Inc.,* 51 Wn.2d 673, 321 P.2d 260 (1958).

There being no issue of liability or affirmative defense on which the jury could function, the trial court properly placed with the jury the determination of damages only.

The judgment is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.

Petition for rehearing denied June 8, 1970.