Argued January 15, affirmed March 1, 1973

ANDERSON, *Appellant, v.* WHITE ᴇᴛ ᴜx,
*Respondents.*

506 P2d 690

*E. Richard Bodyfelt,* Portland, argued the cause for appellant. With him on the briefs were Edwin J. Peterson, and Tooze, Kerr & Peterson, Portland.

*James P. Wall,* Portland, argued the cause for respondents. With him on the brief were Thomas E. Cooney, and Morrison, Bailey, Dunn, Cohen & Miller, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN and BRYSON, Justices.

BRYSON, J.

This is an action to recover damages for personal injuries incurred by plaintiff in an automobile accident. Plaintiff appeals from a judgment entered pursuant to a jury verdict for defendants, contending that there was no evidence on which to base a contributory negligence instruction concerning the use of warning flares or other signal devices. We hold that there was sufficient evidence to support the instruction and affirm the trial court.

At 9 p.m. on the evening of September 16, 1970, plaintiff and a passenger, driving eastbound on

Highway 20 approximately 23 miles west of Burns, Oregon, observed a pickup truck stalled in the eastbound lane of traffic without any lights burning. Highway 20 at this point consists of two 16-foot traffic lanes with four-foot paved shoulders. Plaintiff slowed and was motioned safely past the vehicle on the left, but he decided to return to render assistance.

The electrical system in the stalled pickup truck had failed. Plaintiff loaned a flashlight to the three men attending the truck and parked his car behind the truck with the four-way emergency lights flashing. The men worked on the truck for about 30 minutes but were unable to locate the defect. It was decided that plaintiff's car, a small Volkswagen, could best be of help by towing the heavier truck to a roadway turn-out 250 feet to the east. Plaintiff moved his car in front of the truck and, while standing between the vehicles, began to connect a chain to his rear bumper.

At that time, Mr. and Mrs. James Lemieux were traveling west on Highway 20. When they saw the two vehicles in the eastbound traffic lane, they stopped their vehicle in the westbound lane with their four-way emergency lights flashing and offered assistance. The Lemieux vehicle was equipped with flares but they were located underneath some luggage at that time. Mr. Lemieux testified that the men attending the disabled truck did not ask for any flashlights or flares and that he could not remember whether he told them that he had these items. After pausing for about 30 seconds, Mrs. Lemieux began to drive on. After moving about four feet, Mr. and Mrs. Lemieux observed defendants' car at the top of a hill to the west, proceeding easterly. The headlights of defendants' car were on high beam and Mrs. Lemieux began to al-

ternately flash her headlights from high to low beam. Mr. and Mrs. Lemieux had rolled about 50 feet past the stalled truck when defendants' vehicle passed them heading east, toward the stalled truck.

Mrs. White was driving defendants' vehicle at an approximate speed of 70 miles per hour. Mrs. White testified that as she approached the scene she saw no light of any kind. She saw the rear of the pickup truck but was unable to brake her vehicle in time to avoid a collision. Prior to the impact, one of the men near the truck shouted that the oncoming car was not stopping, but plaintiff, who was crouched between the vehicles with his back to the truck, was unable to escape. Defendants' vehicle collided with the truck, pushing it into plaintiff's car. Plaintiff was pinned between the vehicles and sustained severe injuries. Plaintiff filed this action for damages and defendants charged plaintiff with contributory negligence in failing to keep a proper lookout, in voluntarily placing himself in a position of danger, and in failing to warn the defendants of the presence of an unlighted vehicle upon the main traveled portion of the highway.

The sole contention on this appeal is that the trial court erred in instructing the jury as follows:

"* * * Now, ladies and gentlemen, the defendant has charged the plaintiff with, uh, contributory negligence in failing to warn the presence of an unlighted vehicle upon the main-traveled portion of the highway. If you find that an ordinarily careful person, exercising reasonable diligence for his own safety under the circumstances at the time of this accident, would have placed warning flares or other signal devices to ward [sic] the defendants of the presence of the unlighted truck upon the main-traveled portion of the highway and nonetheless the

plaintiff failed to so do, then, ladies and gentlemen, the plaintiff would be negligent in this regard."

Plaintiff argues that there was no evidence which tended to show that plaintiff knew that any flares were present at the scene or that plaintiff would have had time to obtain and set out the flares in the Lemieux vehicle had he known of them.

■ ■ We agree with plaintiff's contention that plaintiff cannot be guilty of contributory negligence if he had no opportunity to set out the available warning flares or other signal devices prior to the accident. See 3 Blashfield, Automobile Law and Practice § 116.40 (1965) citing *Caperton v. Mast,* 85 Cal App 2d 157, 192 P2d 467 (1948). We do, however, disagree with plaintiff's assertion that the challenged instruction must be read as if it did not contain the phrase "or other signal devices." On appeal, jury instructions must be construed as a whole, not piecemeal. *Smith v. Fields Chevrolet,* 239 Or 233, 396 P2d 200 (1964); *Raffaele v. McLaughlin,* 229 Or 301, 366 P2d 722 (1961). We consider the instruction as the jury might reasonably understand it. *Lazzari v. States Marine Corp.,* 230 Or 372, 369 P2d 693 (1962). Although the instruction specifically refers to "warning flares" and generally to "other signal devices," no showing has been made that this phrasing attached undue significance to the word "flares." The reference to "other signal devices" is not so understated as to cause it to lose any meaning in the mind of a reasonable man listening to the instruction.

■ ■ There is little or no evidence that any warning flares were available for use prior to the accident. However, another warning device was available: plaintiff's own flashlight. The common law requires one

who stops an unlighted vehicle on the traveled portion of the highway to exercise ordinary care and to give warning to other travelers of his standing vehicle.[1] *McElhaney v. Rouse*, 197 Kan 136, 415 P2d 241 (1966) (failure to signal with flashlight available). See Annot., 27 ALR3d 12, § 28 (1969); Annot., 111 ALR 1516 (1937) and cases there cited. Plaintiff was not responsible for the presence of the unlighted pickup truck in the roadway. Nevertheless, plaintiff knew or should have known that the unlighted truck and his obscured car presented a serious danger to oncoming motorists. *Cf. Borgert v. Spurling et al*, 191 Or 344, 352, 230 P2d 183 (1951). Plaintiff was negligent if he voluntarily exposed himself to this danger without taking reasonable precautions for his own safety. *See Borgert v. Spurling et al*, *supra*, and 2 Restatement (Second) of Torts § 456 (1965).

■ At the time of the accident, plaintiff's car had been parked in front of the truck for several minutes. Plaintiff's emergency lights were flashing but were totally obscured to the west by the truck. Five men were standing near the truck when plaintiff began to fasten a chain to his bumper. Plaintiff failed to ask any of those present to use the flashlight to signal oncoming cars or to station themselves to the west to signal the presence of an unlighted vehicle. Since plaintiff failed to take these, or any, reasonable steps for his own protection under these dangerous circumstances, the instruction in question was clearly justified.

Plaintiff suggests that a flashlight signal to Mrs. White would have been of no avail since Mrs. White

---

[1] *Cf.* ORS 483.456, which establishes a statutory duty of drivers of trucks and busses to set out flares whenever their vehicles are disabled on a highway.

was unable to remember seeing either the headlights or emergency flashers operating on the Lemieux vehicle at the time. Whether a reasonable man, while driving defendants' vehicle, would have seen a flashlight warning would be for the jury to decide.

■ Although plaintiff was a good Samaritan, he was not absolved from doing what a reasonably prudent person would have done under the circumstances. Since there was evidence that an appropriate signal device was available but was not used, the trial court did not err in giving the instruction.

Affirmed.