Argued November 20, affirmed December 17, 1973

POTTS, *Appellant, v.* LINN COUNTY ET AL
(No. 41456), *Respondents-Cross-Appellants.*

516 P2d 1301

*Robert G. Ringo,* Corvallis, argued the cause for appellant. On the briefs were Ringo, Walton, McClain & Eves, Corvallis.

*Sam F. Speerstra,* Salem, argued the cause for respondents-cross-appellants. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

Plaintiff appeals from an adverse judgment based on a jury verdict in this wrongful death action. Plaintiff is the personal representative of the estate of Christine Penfold. Defendants are Linn County and John Paul Irish, one of its employes.

Penfold died of injuries sustained in an automobile accident. Around 5 p.m. on May 31, 1972 in good weather she was proceeding south on county road 425, the Lebanon-Brownsville road. In rounding a curve on the crest of a hill near the junction of county road 425 with county road 426, her car went out of control, skidded 135 feet in her left-hand lane and collided with an oncoming car. That morning defendant Irish had spread a load of loose rock along that stretch of highway 425 because warm weather had caused asphalt to come to the surface, creating a slippery condition. There was a conflict in the evidence as to what type of rock had been spread on the highway and its depth. Witnesses for the plaintiff testified that the rock particles were up to ¾ inch in diameter and an inch deep. Witnesses for defendants testified that the rock was ¼ inch or smaller and not as deep as one inch, but the consensus of the testimony was that the rock was thicker than the normal spread for the purpose at hand.

There also was a conflict in the evidence relating to how far north on the road the rock spread began. A police officer who investigated the accident testified it began just prior to where the skid marks of the Penfold car showed. Irish and his supervisor, Curtis, testified it began at a point which other evidence indicated was more than 700 feet north of the point where the skid marks began. Curtis said it was 150 to 300 feet in length. Two local residents testified that it began at a point which, from other evidence in the record, appeared to be about 200 feet from where the skid marks commenced. On cross-examination Curtis' testimony about the length of the spread was brought sharply into question because of other different estimates he then made and previously had made.

The occupants of a car that was proceeding northerly behind the car which collided with the Penfold car testified that as the Penfold car came over the hill it appeared to "bounce" and then went into the fatal skid. One occupant testified that "when she [came] over the hill it scared me because she just seemed to be going too fast."

Plaintiff challenges the trial court's (1) submitting to the jury defendants' allegation that Penfold was contributorily negligent in failing to maintain proper speed, lookout and control of her vehicle; (2) giving of an instruction to the jury that a witness found to be intentionally false in one part of testimony is to be distrusted in others; and (3) failure to give an emergency instruction (Oregon State Bar, Uniform Jury Instruction No. 10.10).

■ Penfold's failure to maintain proper speed, lookout and control was properly submitted to the jury. There was some evidence that Penfold was on the loose

rock a considerable distance before she lost control of her car. There was also evidence that the rock commenced where she lost control. The jury would need to determine the facts with reference thereto before it determined whether she failed to maintain a proper lookout on the downhill curve upon which she was traveling. Whether she did slow down enough to maintain control or was going too fast to maintain a proper lookout are interrelated questions for the jury. "* * * Where there is evidence upon which the jury can base a determination, questions of negligence and contributory negligence are for the jury * * *." *Hess v. Larson,* 259 Or 282, 286, 486 P2d 533 (1971). *See also Rogers v. Green,* 241 Or 435, 406 P2d 553 (1965).

■ There was sufficient conflict in the evidence and particularly in the statements made by Curtis to warrant submitting the instruction concerning distrust of the testimony of a witness who is found to be intentionally false in a part thereof. *Ireland v. Mitchell,* 226 Or 286, 359 P2d 894 (1961).

■■ The failure to give an emergency instruction was not error. Such an instruction should be given only rarely, and doing so is largely discretionary with the trial court. The instructions given on negligence adequately covered the law applicable to the allegations and evidence. *Rankin v. White,* 258 Or 252, 256, 482 P2d 530 (1971); *Evans v. General Telephone,* 257 Or 460, 466-67, 479 P2d 747 (1971).

Affirmed.