Argued February 26, affirmed June 11, 1979

CALVERT, *Appellant,*
*v.*
OURUM, *Respondent.*
(No. 77-1719, CA 11534)
595 P2d 1264

Gene Farmer, Myrtle Creek, argued the cause for appellant. On the briefs were James H. Spence and Spence, O'Neal & Banta, Roseburg.

Thomas W. Kolberg, Roseburg, argued the cause for respondent. With him on the brief were Long, Neuner, Dole, Caley & Kolberg, Roseburg.

Before Schwab, Chief Judge, and Thornton, Lee, and Gillette, Judges.

LEE, J.

**LEE, J.**

In this action to recover damages for personal injuries, plaintiff appeals from a judgment entered pursuant to a jury verdict finding plaintiff and defendant each 50 percent negligent and finding $4,300 in general damages and $7,916.30 in special damages. Judgment was entered in favor of plaintiff for 50 percent of those amounts, and he appeals. We affirm.

Just before dawn, on May 3, 1977, as plaintiff was driving a motor vehicle (pickup) up Robert's Mountain on Interstate 5, it skidded on a wet spot and turned upside down, blocking most of the right-hand lane of traffic. One headlight and several other lights on the pickup were still burning. Plaintiff and all the passengers crawled out through the back window and several members of the group positioned themselves along the freeway to warn oncoming cars of the hazard. Plaintiff stood approximately 20 or 30 feet to the south of the pickup in the middle of the right-hand lane, waving his arms to keep traffic from hitting it.

When defendant started up Robert's Mountain it was dark and raining heavily. As he rounded a curve in the road, he noticed the pickup and several figures moving about waving their arms. He then slowed the van he was driving and moved into the left lane. As he drew near the pickup, he heard a thud on the right edge of the car and realized that he had probably hit someone. He passed the pickup, stopped his car and returned to where plaintiff was lying on the ground. Plaintiff filed this action for negligence and defendant filed an answer raising the defense that plaintiff's negligence caused the accident.

## INSTRUCTIONS

■ Plaintiff contends that the trial court erred in failing to give the following requested instruction:

> "It is a violation of the statutory law of this state for a person to abandon a vehicle upon a highway."

[513]

Plaintiff asserts that this instruction should have been given in order to disclose "the affirmative obligation that plaintiff was under to remain with the disabled vehicle."

The requested instruction is derived from ORS 483.380, which provides in pertinent part:

> "(1) A person shall not abandon a vehicle upon a highway. A person shall not abandon a vehicle upon public or private property without the express or implied consent of the owner or person in lawful possession or control of the property.

> "(2) The last owner of the vehicle as shown by the records of the division shall be considered responsible for the abandonment of a vehicle in the manner described under subsection (1) of this section and liable for the cost of removal and disposition of the abandoned vehicle.

> "* * * * *."

In context, the statute is directed at a different problem than that created when a vehicle is rendered inoperable due to an accident. As such, it is not related to the issue of whether plaintiff acted as a reasonably prudent person under the circumstances at the time of the accident. Refusal to give the requested instruction was not error.

Plaintiff also requested an instruction stating:

> "One who has stopped or left a vehicle on a traveled portion of a highway is required to give warning of the standing vehicle to other travelers."

Plaintiff relies on *Anderson v. White*, 264 Or 607, 506 P2d 690 (1973), in support of this instruction.[1] The proposition stated in *White* is not germane to the controlling question of whether plaintiff chose to warn approaching vehicles in a reasonable and prudent

---

[1] In *Anderson v. White*, 264 Or 607, 506 P2d 690 (1973), plaintiff stopped to assist a motorist whose vehicle was stalled during darkness in a traveled portion of the road. While plaintiff was attempting to couple his vehicle to the front of the stalled vehicle, the latter was stuck from behind and plaintiff was crushed between the vehicles. Plaintiff had failed to request bystanders to use his flashlight to warn approaching vehicles so plaintiff was held to be chargeable with negligence.

manner. The issue was not whether plaintiff was required to warn the operators of other vehicles. Rather, the question is *whether plaintiff acted reasonably in attempting to do so.* Restatement (Second) of Torts § 472, Comment (c)(1965). In that regard the trial court gave the following instruction:

"* * * [T]he defendant claims that the plaintiff was negligent in that he walked or stood in the main travel[ed] portion of the outside, northbound lane of Interstate 5 during hours of darkness, without * * * a warning device to warn motorists of his presence on said freeway. And if you find that plaintiff did so act and if that was not the act of a reasonable and prudent person under the same or similar circumstances, then the plaintiff would be guilty of common law negligence in that regard * * *."

This instruction was an adequate and correct statement of the applicable law. The trial court correctly refused to give plaintiff's requested instruction. *See Boyle v. Cottrell et al,* 222 Or 565, 573, 353 P2d 838(1960).

Plaintiff also requested the following two instructions:

"The general rules governing contributory negligence are sometimes modified where the injured party was within the purview of the 'rescue' doctrine. This doctrine applies generally to attempts by a Plaintiff to save human life. *In the situation in which a Plaintiff is acting under the pressure of circumstances which impel him to attempt to save human life, he generally is not held to the same standard of care for his own safety that he normally would be held to.*

"Under such circumstances, you are to take into account the entire situation in determining whether plaintiff acted as a prudent person would have under like conditions." (Emphasis supplied.)

and

*"It is not contributory negligence for a Plaintiff to expose himself to danger in an effort to save another person or persons from harm,* unless the Plaintiff's

[515]

effort itself is an unreasonable one or the Plaintiff acts unreasonably in the course of it." (Emphasis supplied.)

The requested instructions imply, in part, that plaintiff would not be held to the standard of reasonable care if plaintiff was engaged in an endeavor to save human life or property. This is not correct. The rescue doctrine does not alter the standard of care. It remains the same. The rescue doctrine operates like the emergency doctrine in that it simply applies the reasonable and prudent person standard to a particular set of circumstances. *See* Prosser, Torts, § 33 (4th ed 1971). The question is whether a reasonably prudent person would have acted similarly as the plaintiff did *under the same or similar circumstances.* In discussing the emergency doctrine, the Oregon Supreme Court has stated that:

"* * * [I]t would be a rare situation, indeed, where it would be error to fail to give [an emergency instruction because the usual instruction on negligence sufficiently covers what a reasonably prudent person would do under all circumstances, including those of sudden emergency." *Evans v. General Telephone,* 257 Or 460, 467, 479 P2d 747 (1971).

*See also, Potts v. Linn County* 16 Or App 18, 21, 516 P2d 1301 (1973). Under the circumstances of this case, the trial court gave adequate instructions regarding the standard of care[2] and it was not error to refuse the above instructions.

[2] The court gave the following instruction:

"* * * [U]nder Oregon law it is in general the duty of every person in our society to use reasonable care in order to avoid damage to himself or to another person in any situation in which it could be reasonably expected that a failure to use such care might result in damage.

"Reasonable care is that care which persons of ordinary prudence exercise in the management of their own affairs in order to avoid injuries to themselves or to others. Common law negligence, therefore, is the doing of some act which a reasonably prudent person would not do, or it consists of the failure to do something which a reasonably prudent person would do under the same or similar circumstances. The care should be in keeping with the danger apparent or reasonably to be expected at the time and place in question, not in the light of after effects or hindsight. * * *."

# MISTRIAL

By its first verdict, the jury attempted to award special damages without any general damages. Because this verdict was insufficient,[3] the court refused it and reinstructed that special damages may not be awarded without some award of general damages. The jury deliberated further and then returned with a question as to whether medical expenses could be included in general damages. The court reinstructed as follows:

> "* * *[T]he answer is no. You were advised at the time the instructions on damages were given, that special damages included the reasonable value of medical care and services furnished in the treatment of the plaintiff. That's the first item. The second, and the only other item of special damage, was the lost income suffered by the plaintiff as a result of this accident. Those are the only two items claimed or that can be considered by you as special damage. Any other damage award that you make within the categories that I listed earlier would be general damages, and that is what you are to determine in accordance with what the court told you earlier, that some general damage must be returned in order to award special damages as you have in your verdict that was tendered but not received.
>
> "Would you retire, please."

At this point, plaintiff moved for a mistrial based upon the conduct of the jury or, in the alternative, for reinstruction of the jury on all the elements of damages. The motion was denied. The jury ultimately returned a verdict for general damages in the sum of $4,300 and special damages in the sum of $7,916.30. This verdict was received by the court.

When an insufficient verdict is rejected the court may either declare a mistrial or reinstruct the jury

---

[3] ORS 17.355(2) provides in part:

"(2) * * * If the verdict is informal or *insufficient*, it may be corrected by the jury under the advice of the court, or the jury may be again sent out.' (Emphasis supplied.)

[517]

and resubmit the case to them. *Biegler v. Kirby*, 281 Or 423, 429, 574 P2d 1127 (1978). Confusion or misunderstanding of instructions does not necessarily require a mistrial. *Biegler, supra* at 429. Under the circumstances of the instant case, the trial court's instructions adequately answered the questions raised. The trial court properly denied the plaintiff's motions and resubmitted the case to the jury.

## DAMAGES

■ Plaintiff moved for a mistrial on the ground that the award of $4,300 in general damages was clearly inadequate and "inconsistent with the evidence." Plaintiff cites no authority to support his contention that the trial court should have granted a mistrial because the jury did not award a larger amount of damages.

Amended Article VII, section 3 of the Oregon Constitution provides:

> "In actions at law, where the value and controversy shall exceed $200, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict * * *."

There was evidence to support the verdict. The trial court properly denied plaintiff's motion for a mistrial.

Affirmed.