Argued and submitted February 9, reversed and remanded September 5, 1990

Daiseybelle HELSEL,
*Appellant,*

*v.*

WESTERN ELEVATOR SERVICE, INC.,
*Respondent.*

(A8709-05572; CA A51219)

797 P2d 381

James L. Edmundson, Salem, argued the cause for appellant. On the briefs was Peter O. Hansen, Portland.

Thomas Kranovich, Lake Oswego, argued the cause for respondent. On the brief was Jeffrey C. Jacobs, Lake Oswego.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Warren, J., specially concurring.

## ROSSMAN, J.

Plaintiff brought this negligence action against defendant, an elevator service company, for injuries that she allegedly suffered when she was caused to trip by an elevator that did not level properly. The trial court entered a judgment on the jury verdict for defendant, and plaintiff appeals. We reverse and remand.

On her way to work one morning, plaintiff parked her car on the top level of a parking garage and entered an elevator maintained by defendant. She rode the elevator to the ground level, with her purse in one hand and her briefcase in the other. She testified that, when she attempted to leave, the elevator dropped suddenly and then rose quickly. She lost her balance, stumbled forward into a cement wall, and lost consciousness.

■ Plaintiff's theory of the case was that defendant, under its contract with the elevator owner, had an affirmative duty to inspect and maintain the elevator preventively and that its failure to keep the elevator in good repair rendered it liable for her injuries. The trial court instructed the jury:

> "At all material times, including the time of plaintiff's injury, defendant owed plaintiff a duty to exercise reasonable care for plaintiff's safety, to preventively maintain the elevator in a reasonably safe condition, and to use reasonable care to provide notice to plaintiff of any concealed dangers of which defendant had knowledge or which, in exercise of ordinary care, the defendant should have discovered. The care exercised should be in keeping with the dangers apparent or reasonably foreseeable at the time and place where the injury occurred, and not in the light of the resulting sequence of events or hindsight. However, defendant is not an insurer against all forms of accident that may happen, and is liable only when it fails to exercise reasonable care.

> "*You are instructed that pursuant to their contract with the State, defendant was under a duty to make repairs to the elevator in question[;] [sic] however, that duty does not arise unless and until the defendant has notice and a reasonable opportunity to make repairs. Accordingly, defendant would not be liable to plaintiff for failing to make repairs unless they [sic] had notice and a reasonable opportunity to make repairs.*" (Emphasis supplied.)

Plaintiff assigns error to the emphasized portion of

that instruction and argues that it is inconsistent with defendant's contractual duties. We agree. Defendant's contract with the elevator owner provides, in pertinent part, that defendant:

> "shall furnish all supplies, material, labor, labor supervision, tools, equipment and lubricants necessary to provide full *preventive* maintenance, adjustment, replacement and repair service. This service is to be accomplished in such a manner that all elevators operate safely and efficiently with minimum downtime." (Emphasis supplied.)

As plaintiff argues, that language sets forth "an active maintenance and repair program, one that ferrets out problems before they become problems and responds quickly to those that exist." However, the trial court's instruction erroneously told the jury that defendant's duties were passive, and so it was not obliged to repair the elevator until it had notice of a defective condition.

■ Defendant argues that the instruction merely qualified its duty to repair and did not qualify its duty to perform preventive maintenance. We disagree. Jury instructions must be viewed as a whole and should be read as the jury might reasonably have understood them. *Lazzari v. States Marine Corp.*, 230 Or 372, 377, 369 P2d 693 (1962). Although the challenged instruction referred to defendant's duty to make repairs, the instructions as a whole did not explain that defendant's duty to repair was separate and distinct from its other duties. The jury could reasonably have understood that the qualification referred to defendant's duties in general. We conclude that giving defendant's instruction was erroneous and that the error was prejudicial.

Reversed and remanded.

**WARREN, J.,** specially concurring.

I agree that the instructions were inadequate, but for reasons different from those articulated by the majority. This is a negligence claim, not a contract claim. Under tort law, we must look to the specifications of negligence, not the contract, to see if the court adequately presented plaintiff's legal theories. Plaintiff alleged, *inter alia,* that defendant had failed to maintain preventively and failed to repair. The trial court correctly instructed the jury on defendant's obligation to

maintain preventively. However, when it instructed on defendant's obligation to repair, it stated:

> "[D]efendant would not be liable to plaintiff for failing to make repairs unless they [*sic*] had notice and a reasonable opportunity to make the repairs."

Plaintiff excepted by saying:

> "The others were the giving of special instruction number 2 of the defendant's, and our reason for that is that we believe that those cases that are cited for that proposition are cases that state the defendant has a passive as opposed to an active duty, to inspect and perform preventative maintenance."

The exception, though not a model of clarity, sufficiently advised the trial judge that the instruction was inadequate, because it failed to inform the jury that actual notice is not essential, and defendant could be liable if it had reason to know that repairs were necessary. *Mathison v. Newton*, 251 Or 362, 371, 446 P2d 94 (1968). I would reverse on that basis.