Argued February 3, affirmed March 1, 1967

KLEBAUM, *Respondent, v.* MITCHELL, *Appellant.*

424 P. 2d 219

*William R. Thomas,* Lebanon, argued the cause for appellant. With him on the brief were Morley, Thomas, Orona & Kingsley, Lebanon.

*Myron L. Enfield,* Salem, argued the cause for respondent. With him on the brief were J. Ray Rhoten, and Rhoten, Rhoten & Speerstra, Salem.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and FORT, Justices.

FORT, J. (Pro Tempore).

This case arose out of the purchase and sale of six truckloads of mint roots in 1962. Plaintiff, a farmer in Wapato, Washington, raised these roots. Defendant, a farmer in Linn County, Oregon, had dealt satisfactorily for such roots in 1961. Defendant in 1962 again contacted plaintiff by telephone for mint roots for that year's crop as well. All of the roots were delivered to the defendant, who planted them in 1962. He contended, however, the crop was of little, if any, value. Upon failure of defendant to pay for the roots, plaintiff filed an action for goods sold and delivered. Defendant filed a general denial and counterclaimed for damages resulting from an alleged breach of warranty of fitness for the purpose intended. The case was tried to a jury which returned a verdict for the plaintiff. Defendant appeals asserting an alleged error in the instruction of the court. The defendant requested the following instruction:

"* * * * *

"I further instruct you that the burden would be upon the plaintiff to prove the reasonable market value of the mint roots sold by the plaintiff to the defendant as of the time and place that they were delivered to the defendant, and if you fail to find that said mint roots had any reasonable market value, then and in that event, your verdict should be for the defendant."

The court gave the instruction as requested, eliminating therefrom the language "as of the time and place that they were delivered to the defendant."

■ It is elementary that the instructions of the court must be considered in their entirety. In *Parmentier v. Ransom,* 179 Or 17, at 24, 169 P2d 883 (1946), we said:

"* * * It is the settled law of this jurisdiction that instructions are to be considered as an entirety. It is immaterial that one or more of them considered separately and without reference to the instructions as a whole, may be erroneous, if from the instructions as a whole the jury were correctly charged as to the law in its application to the facts. * * *"

We have, accordingly, examined the instructions in their entirety.

■ Immediately following the instruction complained of, the jury was told:

"I instruct you that in determining the reasonable market value of the roots sold to the defendant by the plaintiff that you should take into account all the circumstances of the transaction. The defendant in this case in his Amended Answer and Cross-Complaint alleges that at and prior to the purchase of the mint roots in question the plaintiff expressly warranted *that the roots which he would deliver during the spring of 1962* would be at least equal in quality and quantity to the roots that were purchased by the defendant from the plaintiff in the year 1961."

and later the court stated:

"* * * I further instruct you that if the defendant did lose production as claimed in his cross-complaint by reason of said alleged breach of warranty, then you should allow a credit to plaintiff against said loss of production by defendant in

such amount as you shall determine was *the reasonable market value of said mint roots delivered to the defendant* had they been of the kind and quality as warranted.

"* * * * *

"The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods *have been delivered to the buyer* and the buyer does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time the buyer retains the goods without intimating to the seller that he has rejected the goods.

"*When goods are delivered to the buyer,* which he has not previously examined, he is not deemed to have accepted them unless and until he has had a reasonable opportunity of examining them for the purpose of ascertaining whether they are in conformity with the contract of sale." (Emphasis ours.)

The court fully instructed the jury on defendant's theories of the case, each time expressly including the requirement of delivery to the defendant.

We are of the opinion that the trial court sufficiently instructed the jury on this question. This assignment of error is without merit.

The remaining assignment of error was withdrawn at the time of oral argument. We do not consider it.

The judgment is affirmed.