Argued October 9, affirmed December 29, 1967

## STATE OF OREGON, *Respondent, v.*
## ROBERT McKINLEY MORRIS,
*Appellant.*

435 P. 2d 1018

*John Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Lawrence A. Aschenbrenner, Public Defender, Salem.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and WOODRICH, Justices.

PERRY, C. J.

The defendant Robert McKinley Morris was arrested, charged with the crime of armed robbery, and convicted. From the judgment of conviction, he appeals.

Defendant confessed his participation in the crime to the police officers. The trial judge held a hearing out of the presence of the jury and determined that the statements of the defendant to the police officers were voluntary. The statements were admitted in evidence and the jury was instructed to again determine the voluntariness of the statements before considering the weight, if any, of this evidence.

■ Defendant contends that his confession was not voluntary, but was induced by promises made by the police officers.

The undisputed record in this case discloses that the defendant was fully advised of all of his constitutional rights and an attorney had been appointed to represent him; that the defendant asked the police officers to come to the jail to talk with him.

Defendant testified:

"The request was that I be able to talk to the District Attorney concerning the matter of joining the Foreign Legion and they told me that the only thing that they could do was go and see the District Attorney and ask him whether or not he would talk to me concerning the case. And I told him—he said that he would talk to him and that he would come back and let me know exactly what the District Attorney had said.

"I went back to the tank and he came back and I asked him, had he talked to the District Attorney and he said, 'No', he hadn't been able to get in contact with the District Attorney at that time, but he would do everything in his power to get in contact with the District Attorney and to help me in every way that's possible so that I could accomplish joining the Foreign Legion."

And defendant further testified:

"Q You knew you didn't have to talk to him [the officer]?
"A Certainly.

\* \* \* \* \*

"A I called him to make a deal, as far as me going into the Foreign Legion."

The officers testified that at this time they again advised the defendant he did not have to talk to them and that if he wished to talk to them he was entitled to have his attorney present; that defendant stated he did not wish to have his attorney present, and he then orally admitted his guilt. The officers also testified that they advised the defendant that they could not make a deal with him, that this only could be done by the district attorney with the consent of the court; that they made him no promises except "to take his message to the district attorney's office."

As it was after 9:00 o'clock p.m. when all this occurred, the police officers to whom the defendant confessed did not personally take the defendant's message to the district attorney, but caused it to be delivered by officers on the day shift.

It is quite clear from the above record that no promises of benefit or hope of benefit were held out to the defendant to obtain his confession. The officers

merely agreed to make known his desires to the district attorney, and this was done.

■ The defendant also assigns as error an instruction in which the trial court first advised the jury that defendant's statements were "not to be considered in determining the guilt or innocence of the defendant unless you find beyond a reasonable doubt that such admission was made freely and voluntarily by the defendant and not under the influence of fear produced by threats or by reason of promises or representations made to the defendant." Subsequently the trial court instructed the jury:

> "If you determine that the oral admission or confession was made freely and voluntarily, and not as a result of fear produced by threats or coercion, you will then determine the credence or weight you will give it."

Defendant's exception called the court's attention to the fact that the trial court in the subsequent instruction had failed to use the words of the prior instruction "or by reason of promises or representations made."

The words "and not as a result of fear produced by threats or coercion" in the subsequent instruction are mere surplusage. We do not believe this surplus language was such as could mislead the jury in view of the prior instruction that they could not consider the admissions or confession under any circumstances if they were the result of promises or misrepresentations.

A complete and thorough examination of the records discloses the defendant received a fair trial.

The judgment of the trial court is affirmed.