Robert M. MORRIS, Petitioner,

v.

Hoyt C. CUPP, Warden, Oregon State Penitentiary, Respondent.

Civ. No. 68–98.

United States District Court

D. Oregon.

July 31, 1968.

Paul N. Wonacott, Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for petitioner.

Helen B. Kalil, Asst. Atty. Gen., Robert Y. Thornton, Atty. Gen., Dept. of Justice, Salem, Or., for respondent.

## OPINION, FINDINGS AND ORDER

KILKENNY, District Judge:

Petitioner, serving a sentence of life imprisonment in the Oregon State Penitentiary, seeks a writ of habeas corpus. He has exhausted his remedies in the courts of the state of Oregon. His principal claim is that his constitutional rights, as expounded in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were violated. Inasmuch as the petitioner's trial commenced subsequent to June 13, 1966, respondent concedes the application of Miranda, but denies that it controls on the facts here presented.

On April 29, 1966, municipal detectives in Portland, arrested the petitioner on a charge of armed robbery. After being fully advised as to his privilege against self-incrimination and his right to the presence of counsel, the petitioner declined to discuss the subject with detectives and asked the court to appoint an attorney to defend him and to be present at subsequent questionings. Such an attorney was appointed on May 17th, the attorney conferring with the petitioner on May 21st.

Two days earlier on May 19th, petitioner gave to police an oral confession to the crime as charged and other crimes. This confession was admitted in evidence at the defendant's trial in the Oregon court. The jury found him guilty and he was sentenced to life imprisonment in the Oregon State Penitentiary.

On occasions the detectives talked to petitioner between May 4th and May 19th.

It is undisputed that on May 19th petitioner voluntarily summoned Detectives Gates and Remillard and said he wanted to propose a "deal". The proposed "deal" being that petitioner would agree to confess to various crimes in exchange for assistance from the District Attorney in helping him join the French Foreign Legion in lieu of a possible sentence. Petitioner concedes that the detectives at that time again informed him of his privilege against self-incrimination and his right to counsel, but he proposed his "deal" without the presence of his attorney. Moreover, the detectives explained to petitioner that only the District Attorney, with permission of the Court, could make a "deal".

The sum total of the petitioner's contentions is that his confession was involuntary and that he did not knowingly and voluntarily waive his right to the presence of counsel and his privilege against self-incrimination.

It is undisputed that petitioner instituted the negotiations and offered to make the "deal" outside of the presence of his attorney, after the detectives

had again informed petitioner of his privilege against self-incrimination and his right to the presence of counsel. He argues that it would be unprofessional for the District Attorney to entertain a suggestion for a "deal" without first talking to the attorney. He would in this manner draw about himself the shield of *Miranda*. Petitioner is an old-timer in the courts and, on the hearing, testified that he lived most of his life under a code which required that he "keep his mouth shut." I had an opportunity to see and observe the petitioner and in the few places where his testimony conflicts with that of the detectives, also observed by me, I accept the testimony of the latter. On all disputed issues of fact, I find against the petitioner.

The trial judge held a full scale *Miranda* hearing *in camera* at the trial level and held that the confession was freely and voluntarily given and that petitioner knowingly and willfully waived his right to the presence of his attorney at the time of the confession. The same view of the record was adopted on appeal to the Oregon Supreme Court. State v. Morris, Or., 435 P.2d 1018 (1967). It would be an outrageous misuse of space to quote, at length, from petitioner's testimony showing his aggressiveness in willfully giving a confession without the advice or presence of his attorney. A simple example is sufficient:

Q. On May 19th, you called them.* They didn't come up asking you questions?

A. Yea, I called them."**

I find that petitioner knowingly and willfully waived his Fifth and Sixth Amendment rights. The fact that the officers did not insist on the presence of petitioner's counsel was not a violation of petitioner's constitutional rights. *Miranda* does not forbid the use of a voluntary confession given in the absence of counsel. Nor, does it require law enforcement officers to ignore efforts on the part of a defendant to

confess, as long as the defendant is fully aware of his constitutional rights and knowingly and willfully waives them. Coughlan v. United States, 391 F.2d 371 (9th Cir. 1968), is in full support of this view.

This opinion shall serve as my findings and conclusions. I resolve all issues of fact and law against the petitioner. The petition must be dismissed.

It is so ordered.

---

* Transcript, page 84.

** Gates and Remillard.