Argued and submitted March 6, the decision of the Court of Appeals affirmed, the
judgment of the circuit court affirmed in part, reversed in part and remanded
August 9, 1990

## A. R. (Buck) HONEYWELL
and Sally Honeywell,
*Petitioners on Review,*

*v.*

## STERLING FURNITURE CO.,
dba M. Jacobs Fine Furniture,
*Respondent on Review.*

(TC 16-87-09481; CA A50296; SC S36688)

797 P2d 1019

Gary E. Norman, Albany, argued the cause and filed the petition on behalf of petitioners on review.

Bruce C. Moore, Eugene, argued the cause on behalf of respondent on review.

Before Peterson, Chief Justice, and Carson, Jones,** Gillette, Van Hoomissen, Fadeley, and Unis, Justices.

GILLETTE, J.

Unis, J., concurred in part and dissented in part and filed an opinion.

---

** Jones, J., resigned April 30, 1990.

## GILLETTE, J.

The questions in this case concern how much a jury should be told concerning to whom the distribution of an award of punitive damages will be made[1] and whether a plaintiff's attorney's share of a jury's award of punitive damages may be used to offset a court's award of attorney fees that a plaintiff may receive under the Oregon Unlawful Trade Practices Act (UTPA). We hold that a jury should be told nothing concerning the distribution of an award of punitive damages, and that no part of such an award may be used to offset attorney fees otherwise awardable under the Oregon UTPA.

## FACTS

In July, 1979, plaintiffs purchased a new dining room set from defendant on a "layaway" plan. Because of family illnesses and employment problems, plaintiffs made their monthly payments only sporadically, and did not finish paying for the dining room set until August, 1987. Throughout this entire eight-year period, both parties expected that plaintiffs would eventually finish paying for the furniture and take it home.

Upon completion of payment, however, defendant delivered the wrong furniture. Instead of the furniture ordered by plaintiffs, defendant substituted a used or shopworn table and much cheaper and lower quality chairs. Testimony by former employees of defendant revealed that most of plaintiffs' furniture had been missing for a number of years and this fact was well known to defendant and its employees. The decision to substitute other furniture was made by defendant's owner.

---

[1] Distribution of an award of punitive damages is required by Or Laws 1987, Ch 774, section 3, now codified as ORS 18.540 (effective September 27, 1987), which provides:

"The punitive damage portion of an award shall be distributed as follows:

"(1) The attorney for the prevailing party shall be paid the amount agreed upon between the attorney and the prevailing party.

"(2) One-half of the remainder shall be paid to the prevailing party.

"(3) One-half of the remainder shall be paid to the Criminal Injuries Compensation Account to be used for the purposes set forth in ORS chapter 147. However, if the prevailing party is a public entity, the amount otherwise payable to the Criminal Injuries Compensation Account shall be paid to the general fund of the public entity."

Plaintiffs initiated this action against defendant alleging both conversion and unlawful trade practices and seeking compensatory damages, punitive damages in the amount of $250,000, and attorney fees.[2] The trial court instructed the jury pursuant to the uniform civil jury instruction on punitive damages, UCJI No. 35.01A, but added the following paragraph:

> "[i]f punitive damages are awarded by you, Oregon law requires that they be distributed as follows: First, the attorney for the prevailing party shall be paid the amount agreed upon between the attorney and the prevailing party; secondly, one-half of the remainder shall be paid to the prevailing party; third, the other half of the remainder shall be paid to the Criminal Injury [sic] Compensation Account to be used for the purposes set forth in the law."

Defendant timely excepted to this instruction:

> "When you look at the remainder of the instructions to the jury on punitive damages, the use of where the money's going to go is never mentioned. It's not one of the factors the jury's to consider. I believe what that statute does is it tells the Court administratively how it's supposed to structure the judgment against the defendant, how he's supposed to pay, who it's going to go to. That's going to be an administrative position, the Court is going to have to look at the statute, decide how much to pay [counsel], and then split up and form the judgment according to that. The jury's not going to be required to make the — the jury's not going to be asked, 'Okay, we want you to decide how much [counsel] ought to be paid,' and then take half of this and apply it to there, take half of this and apply it over there. It doesn't seem to me the policy behind the statute has anything to do with the jury's consideration of whether to award it or not.
>
> "* * * * *
>
> "I'm asking the Court to look at how are punitive damages to be decided by this jury? They're to be decided by looking at the defendant's conduct, and as a punitive measure against the defendant. There's nothing mentioned about for anybody. And I think we'll open a Pandora's box on closing argument with an instruction that specifically says, 'Well, once you get done, let me tell you what the judge is going to do with what

---

[2] Punitive damages may be awarded under the Oregon Unlawful Trade Practices Act. ORS 646.638. Plaintiffs also sought punitive damages under their conversion claim.

you've done'. I'm going to give some money to [counsel] and I'm going to turn around and give half to these plaintiffs.' I don't see how that helps the jury at all reach a determination as to whether or not punitive damages ought to be awarded in this case."

A jury awarded plaintiff $1795 in compensatory damages and $20,000 in punitive damages. The award did not purport to distinguish between plaintiff's two theories of recovery; so far as appears from the verdict, both compensatory and punitive damages were awarded under both theories.

On appeal, the Court of Appeals reversed, holding that "[t]o instruct the jury how its award will be distributed injects into its deliberation factors that are not proper considerations in deciding whether to award punitive damages and, if they are awarded, the amount." *Honeywell v. Sterling Furniture Co.*, 99 Or App 94, 97, 781 P2d 379 (1989). However, the Court of Appeals did not then instruct the trial court as to how to proceed on retrial. It was not made clear whether the trial court should tell the jury that it is not to consider who receives the punitive damage award or simply should not mention the subject to the jury at all. Equally unclear was the question of what issues are to be retried. Does the award of compensatory damages, which was not challenged on appeal, remain intact? Finally, the Court of Appeals declined to consider defendant's second assignment of error relating to an alleged double award of attorney fees. We allowed review to address these issues, in addition to reviewing the propriety of the trial court's instruction.

## PUNITIVE DAMAGES

"Punitive damages are allowed in Oregon to punish a willful, wanton or malicious wrongdoer and to deter that wrongdoer and others similarly situated from like conduct in the future. *Martin v. Cambas,* 134 Or 257, 293 P 601 (1930); accord Noe v. Kaiser Foundation Hospitals, 248 Or 420, 435 P2d 306 (1967)." *State ex rel Young v. Crookham,* 290 Or 61, 65, 618 P2d 1268 (1980). Punitive damages "are not a substitute for compensatory awards nor an offset against litigation expense." *Id.; see also Andor v. United Air Lines,* 303 Or 505, 511-13, 516-17, 739 P2d 18 (1987). There is nothing that we have found in the language or the legislative history of

ORS 18.540 indicating the legislature intended to change the purposes behind punitive damage awards when it enacted a new mandate for distribution of the proceeds of such awards.

■ We agree with the Court of Appeals that instructing a jury that a portion of any punitive damage award will be used to pay the plaintiff's attorney or to contribute to a worthy cause, such as help for victims of crime, does nothing to further or even to inform the jury as to the proper goals of punitive damage awards. Instead, the instruction distracts the jury from the appropriate line of analysis that this Court has said a jury should follow in cases involving potential awards of punitive damages:

> "[t]he finder of fact must determine what punitive damages, if any, to award based on the proper premise of deterring future similar misconduct by the defendant or others. To this end, a number of factors may be relevant, including the seriousness of the hazard to the public, the attitude and conduct of the wrongdoer upon learning of the hazard, the number and position of employees involved in causing or covering up the misconduct, the duration of the misconduct and/or its cover-up, the financial condition of the wrongdoer, and prior and potential punishment from similarly situated plaintiffs or other sources."

*State ex rel Young v. Crookham, supra,* 290 Or at 72. The trial court erred in instructing the jury as to how the law required any award of punitive damages to be distributed.[3]

■ The fact that it was error to give the instruction does not complete our inquiry, however. There still remains the question whether the error was reversible error. We hold that it was. We agree with the Court of Appeals that the potential effect of the instruction was to "[permit] a jury to consider as a part of its deliberations on punitive damages that a plaintiff should receive a certain amount of money and, in order to ensure that he does, to add additional amounts to pay for attorney fees and contributions to the Criminal Injuries Compensation Account." *Honeywell v. Sterling Furniture Co., supra,* 99 Or App at 98. We also think there is another, perhaps even more serious problem with the instruction: It encouraged the jury to award punitive damages for a purpose,

---

[3] Our holding suggests that the Oregon State Bar's Civil Jury Instruction Committee take a fresh look at UCJI No. 35.01A and related instructions.

*viz.*, enhancement of the Criminal Injuries Compensation Account, that is not a reason for awarding punitive damages under Oregon law. So construed, the instruction was erroneous.

It is true, as the plaintiffs argue in their petition for review, that the assumption made by the Court of Appeals as to the effect of the instruction is somewhat speculative — there could be other, more benign uses the jury might make of the information provided in the instruction, although we think the result posited by the Court of Appeals is a likely result. Our separate reading of the instruction is not so speculative, however. Offering a jury an additional, inappropriate basis for awarding punitive damages harmed the defendant. The trial judge was specifically warned that giving the instruction would be error. The Court of Appeals was correct in so holding. *See State ex rel Redden v. Discount Fabrics,* 289 Or 375, 388-89, 615 P2d 1034 (1980).

## THE ATTORNEY FEE AWARD

Because its ruling eliminated a purported double award of attorney fees to plaintiff, the Court of Appeals declined to consider defendant's second assignment of error. We, however, elect to consider this issue because it may recur upon remand.

■ Plaintiff sought and was awarded attorney fees in the trial court pursuant to ORS 646.638(3), the attorney fees provision of the Oregon UTPA.[4] Defendant contends that "once an award of punitive damages is rendered, and that award is sufficiently large to cover plaintiff's contractual obligation to pay their attorney, the mandatory distribution satisfies the attorney fees portion of plaintiff's damages, and further fees cannot be awarded at the cost bill stage." We reject that interpretation of the relationship between ORS 18.540 and 646.638(3).

Punitive damages are intended to punish and deter wrong-doers. The attorney fees distribution provision of ORS

---

[4] ORS 646.638(3) provides:

"In any action brought by a person under this section, the court may award, in addition to the relief provided in this section, reasonable attorney fees at trial and on appeal and costs. If the defendant prevails, the court may award reasonable attorney fees at trial and on appeal and costs if it finds the action to be frivolous."

18.540 is merely a legislative recognition that attorneys often are contractually entitled to a share of a punitive damage award, should there be such an award. ORS 18.540 clarifies that the attorney gets his share before the money is split between the state and plaintiff. In other words, the state must bear its share of the cost of compensating the attorney who obtained the judgment, if a contractual obligation exists to compensate the attorney.

On the other hand, attorney fees awarded in an unlawful trade practices case pursuant to ORS 646.638(3) serve an entirely different function: Their availability assures that wronged consumers can obtain counsel to prosecute claims that otherwise might be impractical to pursue because such claims would require an expenditure of attorney time the value of which greatly exceeded the value of the goods or services in question. The availability of punitive damages in a particular case may be problematical. The availability of basic compensation to counsel, however, cannot be problematical if consumers are going to be able to bring UTPA actions against dishonest and unscrupulous merchants.

The different aims of the two statutes show that defendant's "double recovery" argument is chimerical. Allowing the attorney to be compensated under each statute furthers the statutory purpose of that statute; allowing recovery under only one partially thwarts the object of the other. We note particularly that, even within the UTPA itself, there is no requirement of any offset of fee earned under ORS 646.638(1) (punitive damages) against those earned under 646.638(3) (reasonable attorney fees for compensatory or punitive damages).

Because we are remanding this case for a partial retrial, we must vacate the award of attorney fees as it relates to the award of punitive damages. (Plaintiffs are entitled to a discretionary award of their attorney fees for the judgment for compensatory damages under the UTPA.) After the retrial, plaintiffs may once again request costs and attorney fees in connection with any award of punitive damages and the trial court may consider an appropriate award at that time.

## SCOPE OF RETRIAL

The sole remaining issue is the scope of retrial. As

noted, the Court of Appeals did not address this point. As also noted, the jury's finding of liability and its ensuing award of compensatory damages in this case was not challenged on appeal. Because the error that occurred in this case affects only the availability and amount of punitive damages, it is appropriate to remand the case for retrial only on those issues. *See Wolf v. Nordstrom,* 291 Or 828, 835-36, 637 P2d 1280 (1981).

## CONCLUSION

The decision of the Court of Appeals is affirmed. The judgment of the circuit court awarding compensatory damages is affirmed. The award of punitive damages is reversed and the case is remanded to the circuit court for a new trial on the issue of punitive damages. The award of attorney fees and costs is vacated and remanded for further proceedings consistent with this opinion.

**UNIS, J.,** concurring in part and dissenting in part.

Today, this court reverses a jury award of punitive damages, because the trial judge in his instructions to the jury correctly stated how Oregon law requires an award of punitive damages, if made, to be distributed.[1] I agree with the majority that the trial judge should not have given the instruction. I believe, however, that the error was harmless when the instructions are considered as a whole in the context of the circumstances of this case. I would, therefore, reverse the decision of the Court of Appeals and affirm the judgment of the circuit court.

The standard that this court ought to apply in evaluating an alleged error in a jury instruction in a civil case should be the same standard that we employ in evaluating an evidentiary error. That standard is (1) whether error was committed and, if so, (2) whether that error requires reversal. The

---

[1] ORS 18.540 provides:

"The punitive damage portion of an award shall be distributed as follows:

"(1) The attorney for the prevailing party shall be paid the amount agreed upon between the attorney and the prevailing party.

"(2) One-half of the remainder shall be paid to the prevailing party.

"(3) One-half of the remainder shall be paid to the Criminal Injuries Compensation Account to be used for the purposes set forth in ORS chapter 147. However, if the prevailing party is a public entity, the amount otherwise payable to the Criminal Injuries Compensation Account shall be paid to the general fund of the public entity."

decision whether evidentiary error requires reversal is made without presuming that the error is prejudicial.[2] Similarly, this court should not presume that an error in an instruction was prejudicial to the party against whom it was committed. Prior expressions by this court to that effect, *see, e.g., State ex rel Redden v. Discount Fabrics,* 289 Or 375, 388, 615 P2d 1034 (1980), cited with approval in the majority opinion, should be disapproved.

ORS 19.125(2) establishes that not every error is "reversible" or "prejudicial" error. *See also State v. Moore,* 124 Or 61, 66, 262 P 859 (1928) (ORS 19.125(2), *formerly* Oregon Laws Section 556, prohibits this court from disposing of cases on mere technical errors). In order to be a basis for reversal of the judgment of the trial court in a civil case, then, the error in instruction must substantially affect the rights of the party against whom it was committed.[3]

---

[2] With the adoption of the Oregon Evidence Code, "[e]videntiary error is not presumed to be prejudicial. OEC 103[,]" *Powers v. Officer Cheeley,* 307 Or 585, 597, 771 P2d 622 (1989); *State v. Carr,* 302 Or 20, 27, 725 P2d 1287 (1986); *State v. Miller,* 300 Or 203, 220, 709 P2d 225 (1985), or harmless, *Van Gordon v. PGE Co.,* 295 Or 811, 813, 670 P2d 1026 (1983); *Powers v. Officer Cheeley, supra,* 307 Or at 597 n 13. *See also* Kirkpatrick, Oregon Evidence 16-17 (2d ed 1989).

[3] ORS 19.125(2) provides:

"No judgment shall be reversed or modified except for error substantially affecting the rights of a party."

*Compare* ORS 19.125(2) *with* OEC 103(1), codified in ORS 40.025(1). OEC 103(1), which deals with evidentiary error occurring in the trial of a case, reads:

"Evidentiary error is not presumed to be prejudicial. Error may not be predicated upon a ruling which admits or excludes evidence unless a *substantial right of the party is affected.*" (Emphasis added.)

Before an error can be the basis for appellate reversal or modification of a judgment under ORS 19.125(2), it must substantially affect the rights of the party against whom it was committed. On the other hand, OEC 103(1) provides that evidentiary errors at trial are not grounds for setting aside the verdict or reversing the judgment on appeal "unless a substantial right of the party is affected."

Article VII (Amend), section 3, of the Oregon Constitution provides in pertinent part:

"* * * If the Supreme Court shall be of the opinion, after careful consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial; or if, in any respect, the judgment appealed from should be changed, and the Supreme Court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the Supreme Court."

Although limited generally to trial courts by ORCP 1A, ORCP 12B provides in

In the present case, the trial court erred when it instructed the jury on how punitive damages, if awarded, are to be distributed. The proper inquiry is whether that error requires reversal. In deciding that question, we should consider the instruction in context. The judge told the jury that plaintiff must prove punitive damages by clear and convincing evidence. He then charged the jury:

> "Punitive damages *may be awarded* or may be assessed in addition to compensatory damages, *to punish the wrongdoer and to discourage the defendant and others from engaging in wanton misconduct.* In considering punitive damages, you must first determine whether the defendant was guilty of wanton misconduct that caused damage to the plaintiffs. Wanton misconduct is conduct amounting to a particularly aggravated, deliberate disregard of the rights of others. If you decide this issue against the defendant, you may award punitive damages, although you are not required to do so, because punitive damages are discretionary. In the exercise of that discretion, you may consider the importance to society in deterring similar misconduct in the future." (Emphasis added.)

That instruction is consistent with numerous statements by this court that the purpose of punitive damages is to punish a defendant and deter others who are similarly situated. *See, e.g., Andor v. United Air Lines, Inc.,* 303 Or 505, 517, 739 P2d 18, 35 (1987); *Noe v. Kaiser Found. Hosp.,* 248 Or 420, 425, 435 P2d 306, 308 (1967); *Martin v. Cambas,* 134 Or 257, 261, 293 P 601, 603 (1930).

The trial judge also instructed the jury:

> "If you decide to award punitive damages, you may properly consider the following items in fixing the amount: The character of the defendant's conduct; the defendant's motive; the sum of money that would be required to discourage the defendant and others from engaging in such conduct in the future; and the income and assets of the defendant. The amount of punitive damages may not exceed the sum of $250,000."

That instruction is likewise in harmony with the guidelines

---

pertinent part:

"The court shall, in every stage of an action, disregard any error or defect in the * * * proceedings which does not affect the *substantial rights of the adverse party.*" (Emphasis added.)

that this court has established for determining the appropriate size of a punitive damages award in a non-products liability case.[4] *State ex rel Young v. Crookham,* 290 Or 61, 72, 618 P2d 1268 (1980).

Finally, the court added this language in its charge to the jury:

> "If punitive damages are awarded by you, Oregon law requires that they be distributed as follows: First, the attorney for the prevailing party shall be paid the amount agreed upon between the attorney and the prevailing party; secondly, one-half of the remainder shall be paid to the prevailing party; third, the other half of the remainder shall be paid to the criminal injury compensation account to be used for purposes set forth in the law."

It is that passage that is the basis for the majority's conclusion that a retrial in this case is necessary on the availability and amount of punitive damages. Although the majority recognizes that "the effect of the instruction is somewhat speculative" and that "there could be * * * benign uses the jury might make of the information provided in the instruction," 310 Or at 212, it nevertheless concludes that the instruction harmed the defendant by "[o]ffering a jury an additional, inappropriate basis for awarding punitive damages * * *." 310 Or at 212. According to the majority, "the potential effect of the instruction was to '[permit] a jury to consider as a part of its deliberations on punitive damages that a plaintiff should receive a certain amount of money and, in order to ensure that he does, to add additional amounts to pay for attorney fees and contributions to the Criminal Injuries Compensation Account.' " 310 Or at 211. The instruction, the majority states, "encouraged the jury to award punitive damages for a purpose, *viz.,* enhancement of the Criminal Injuries Compensation Account, that is not a reason for awarding punitive damages under Oregon law." 310 Or at 211-12.

I disagree. The minds of jurors are not like empty tablets upon which the judges and lawyers record all of the

---

[4] Under ORS 30.925(1), a plaintiff in a products liability action may recover punitive damages when he or she proves the defendant acted with "wanton disregard for the health, safety and welfare of others." ORS 30.925(3) sets forth criteria to be used in determining the amount of punitive damages to be awarded to a prevailing plaintiff in a products liability action.

data that the jury may use in deciding the case. The jury is permitted to use its store of accumulated experience and knowledge in deciding issues of fact. Wright and Graham, 21 Federal Practice and Procedure 460, § 5102. As Justice Metcalf wrote in *Commonwealth v. Peckham,* 68 Mass (2 Gray) 514, 515 (1854): "Jurors are not to be presumed ignorant of what everybody else knows. And they are allowed to act upon matters within their general knowledge, without any testimony on those matters." *See Rostad v. Portland Railway, Light & Power Co.,* 101 Or 569, 581, 201 P2d 184 (1921) ("[t]riers of fact cannot, in the nature of things, be divested of general knowledge of practical affairs."); 9 Wigmore on Evidence, § 2569 (Chadbourn rev 1970). The jurors in this case, like other people, know that litigants incur attorney fees. It seems reasonable to assume that they were aware that plaintiff must compensate her counsel for representing her in this action and may well have taken that knowledge into consideration in determining the appropriate amount of punitive damages, with or without the challenged instruction.[5]

Recognizing that the jury is under oath to follow the law given them by the trial judge, this court has stated on several occasions that it assumes that the jury followed the instructions. *See Chopp v. Miller,* 264 Or 138, 144, 504 P2d 106 (1972); *Despain v. Bohlke,* 259 Or 320, 328, 486 P2d 545 (1971); *Sedillo v. City of Portland,* 234 Or 28, 33-34, 380 P2d 115 (1963). *See also* OEC 311(1)(j) and (x).[6] We should assume, therefore, that the jury's award of punitive damages to plaintiff was properly imposed to punish defendant and deter others who are similarly situated. Absent a reason to assume otherwise, we should not assume, as the majority does, that the jury disregarded the trial judge's instructions as to when it

---

[5] Although in theory jurors are not to award fees for counsel as part of plaintiffs' compensation, several studies suggest jurors apparently often discuss fees in their deliberations and occasionally adjust their damage awards with this factor in mind. Greene, *On Juries and Damage Awards: The Process of Decisionmaking,* 52 Law and Contemporary Problems 224, 241-42 (1989).

[6] OEC 311 provides in pertinent part:

"(1) The following are presumptions:

"* * * * *

"(j)  Official duty as been regularly performed.

"* * * * *

"(x)  The law has been obeyed."

could award punitive damages and instead awarded them on an inappropriate basis. Moreover, we should assume that the jury did apply the criteria given it by the trial judge in fixing the amount of punitive damages awarded plaintiff.

Instructions are to be considered in their entirety, not piecemeal, and it is immaterial that one or more of them considered separately may be subject to criticism, if from the instructions as a whole the jury was correctly charged as to the law in its application to the facts. *See Klebaum v. Mitchell,* 246 Or 196, 198, 424 P2d 219 (1967); *Parmentier v. Ranson,* 179 Or 17, 24, 169 P2d 823 (1946); *Hornby v. Wiper,* 155 Or 203, 211, 63 P2d 204 (1936). *See also Anderson v. White,* 264 Or 607, 611, 506 P2d 690 (1973). The instruction concerning the distribution of an award of punitive damages was a correct statement of law. *See* ORS 18.540. "In 1987, the Oregon Legislature recognized the nature of punitive damages as punishment of wrongdoers for the public good and decided that the public should share in the bounty." Comment, *Constitutional Challenges to Punitive Damages in Oregon: Let the Punishment Fit (Not Exceed) the Crime,* 26 Willamette L Rev 749, 755 (1990), citing ORS 18.540. *See* Graham, *1987 Oregon Tort Reform Legislation: True Reform or Mere Restatement?,* 24 Willamette L Rev 283, 298 (1988):

> "ORS 18.540 is most significant; it 'distributes' the award of punitive damages. This section allows the attorney for the plaintiff awarded punitive damages to retain the 'amount agreed upon' pursuant to the contract of the attorney and client. [ORS 18.540(1)] The 'prevailing party' receives one-half of the remainder, as does the Criminal Injuries Compensation Account, unless the party awarded punitive damages is a 'public entity.' [ORS 18.540(2) and (3).]"

This court has stated on more than one occasion that an unnecessary instruction that is a correct statement of the law is not the basis for reversal unless it did mislead, or may have misled, the jury to the prejudice of the appellant. *See, e.g., State v. Cortman,* 251 Or 566, 573, 446 P2d 681 (1968); *State v. Townsend,* 237 Or 527, 530, 392 P2d 459 (1964). *See also State v. Morris,* 248 Or 480, 483, 435 P2d 1018 (1967) (surplusage language which does not mislead the jury in view of other instructions is not reversible error); *Waterway Terminals Company v. P.S. Lord Mechanical Contractors,* 256 Or 361, 370, 474 P2d 309 (1970) ("* * * cases should not be

reversed upon instructions, despite technical imperfections, unless the appellate court can fairly say that the instruction probably created an erroneous impression of the law in the minds of the jurors which affected the outcome of the case"). The challenged instruction did not create an erroneous impression of the law in the minds of the jurors. It was a correct statement of the law. In my judgment, the trial record does not reflect that the instruction affected the outcome of the case.

It is important to note that neither plaintiff's attorney nor defendant's attorney mentioned in argument to the jury how punitive damages would be distributed, if awarded. The only reference to how punitive damages would be distributed, if awarded, was in the challenged instruction. The absence of argument minimizes the possibility that the jury misused or unduly focused on that one passage.

In sum, the instruction concerning to whom the distribution of an award of punitive damages will be made is unnecessary and should not have been given. It cannot be said from the record in this case, however, that the instruction substantially affected the rights of the defendant. In the light of the instructions on punitive damages, considered as a whole, the trial court's giving the instruction was harmless error and does not warrant reversal of the verdict. The parties to a lawsuit are not entitled to a perfect trial. They are entitled to a fair trial. Nothing in the trial record demonstrated that the verdict in this case was the result of prejudice or passion. No good purpose would be served by sending it back for a new trial. I would put an end to this costly litigation by reversing the decision of the Court of Appeals and affirming the verdict of the jury and the judgment of the trial court. That conclusion is consistent with Article VII (Amend), section 3, of the Oregon Constitution which provides, in essence, that no judgment should be reversed for technical error when *substantial* justice had been done by a jury verdict and judgment.[7]

I concur in the majority opinion with respect to attorney fees.

---

[7] *See* note 3, *supra.*