On appellants - cross respondents' motion for summary determination of appealability filed March 14, motion allowed; judgment held final October 10, 1990

Dan EULRICH
and Virginia Eulrich,
*Respondents - Cross-Appellants,*

*and*

DEPARTMENT OF JUSTICE,
*Intervenor - Respondent,*

*v.*

SNAP-ON TOOLS CORPORATION,
Tim Kash and Ray Park,
*Appellants - Cross-Respondents,*

Paul HUTCHINS,
*Defendant - Cross-Respondent.*

(88-0708; CA A64027)

798 P2d 715

Thomas W. Sondag and Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland, for motion.

Dave Frohnmayer, Attorney General, and Thomas E. Ewing, Assistant Attorney General, Salem, *contra.*

Before Rossman, Presiding Judge, and Newman and Edmonds, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Appellants appeal from a judgment for approximately $14,000,000 in damages in favor of a former dealer of Snap-On Tools Corporation. The major portion of the judgment derives from the punitive damages award. After the verdict, the state intervened pursuant to ORS 18.540 in order to secure its portion of the punitive damage award, but the judgment being appealed does not purport to adjudicate any interest of the state. Appellants question whether the state's "claim" must be adjudicated in order to render the judgment final. Accordingly, they have moved for a determination of appealability under ORS 19.034(3). We hold that the judgment is final.

Pursuant to ORS 18.540, the state, specifically the Criminal Injuries Compensation Account, is entitled to a portion of every punitive damages award:

"The punitive damage portion of an award shall be distributed as follows:

"(1)   The attorney for the prevailing party shall be paid the amount agreed upon between the attorney and the prevailing party.

"(2)   One-half of the remainder shall be paid to the prevailing party.

"(3)   One-half of the remainder shall be paid to the Criminal Injuries Compensation Account to be used for the purposes set forth in ORS chapter 147. However, if the prevailing party is a public entity, the amount otherwise payable to the Criminal Injuries Compensation Account shall be paid to the general fund of the public entity."

In this case, just before the judgment was entered, the Attorney General moved to intervene on behalf of the Criminal Injuries Compensation Account and made a "claim" for its statutory portion of the punitive damages. The trial court allowed the motion to intervene but took no action on the "claim."

The state's intervention should have been based on a *claim* set forth in a pleading:

"A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 9. The motion shall state the grounds therefor and shall be accompanied by a

pleading setting forth the claim or defense for which intervention is sought * * *." ORCP 33D.

The state was unable to state a claim in the pleading accompanying its motion to intervene, because it had no interest in, or knowledge of, the case beyond its entirely contingent right under ORS 18.540 to a portion of whatever punitive damages might eventually be *distributed.* Because the state's right under ORS 18.540 is triggered only when a fund capable of distribution exists, the state may not interfere in the actual prosecution of the action. The state, therefore, has presented no claim that requires trial court disposition before this appeal may proceed.[1]

Motion to determine appealability allowed; judgment held final.[2]

---

[1] Although it is questionable whether the state should have been allowed to intervene, that question is not before us.

[2] *See Honeywell v. Sterling Furniture Co.,* 310 Or 206, 797 P2d 1019 (1990).